The STATE of Utah, Plaintiff and Respondent,

v.

Michael Paul ADAMS, Defendant and Appellant.

No. 15353.

Supreme Court of Utah.

Aug. 1, 1978.

---

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., David E. Yocom, Deputy Salt Lake County Atty., Salt Lake City, for defendant and appellant.

Don E. Hammill and Phil L. Hansen of Hansen & Hansen, Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Michael Paul Adams appeals his conviction by a jury of manslaughter, as an included offense in a charge of second degree murder.[1]

His principal claim of error relates to the admission of a self-incriminatory statement: (1) that the court did not conduct a full hearing on the issue of its voluntariness, (2) that the court did not instruct the jury on the credibility of the witness to whom the admission was made, and (3) that the prosecution failed to disclose to the defense that the statement would be used in the trial.

In the evening of June 21, 1976, defendant went to the Crest Club in Murray. While there, he saw and conversed with one Charles Goodman, an acquaintance. During their conversation, a heated exchange broke out between them in which Goodman loudly stated that he had had sex relations with defendant's wife. Defendant then went to a telephone booth within the club to make a phone call. Upon returning, he removed a pistol from his boot and threatened to kill Goodman. He repeated the threat a number of times and proceeded to hit Goodman on the head with the butt of his pistol. The victim of this crime, Gerald Braithwaite, another customer in the tavern attempted to stop the violence. Apparently for the same purpose, Ken Bates, a Deputy Sheriff, who was off-duty and unarmed, threw a glass ashtray at defendant, striking him on the right side of the head and eye. During this affray defendant shot Braithwaite in the neck, killing him; turned and shot twice at Goodman as he fled from the room. The police arrived shortly and arrested the defendant.

Defendant does not deny the basic facts of the situation just described. At the trial he admitted that he pointed his gun at Goodman and that he threatened to kill him. However, he denied that he had any intention of actually killing anyone; and stated that he has no recollection of actually firing his gun. After defendant was arrested and placed in a police car, one of the officers, Joel Reit, gave him what is now known as the "*Miranda* warning" as to his rights. He then asked the defendant "Would you tell me what happened?" To which defendant responded:

"Well I had to shoot the man. They were coming at me all at once and I can handle

1. Sec. 76–5–205, U.C.A., 1953.

one or two at a time, but I can't handle five at once."

Upon some further questioning, the defendant refused to give any more answers until he had an attorney.

The first observation we make about defendant's complaint that the trial court did not conduct a full-dress hearing as to whether his statement above quoted was voluntary is to wonder what difference it could make to his conviction of manslaughter. (Which incidentally does not impress us as an unfavorable result, considering the circumstances shown.) Several witnesses saw him shoot Braithwaite and shoot at Goodman. The statement about which he complains is nothing more than an acknowledgement of that undisputed fact, together with his assertion of justification therefor. Nevertheless, we treat his contention.

It is not to be questioned that the trial court has a duty to exercise care as to the credibility of evidence. And this includes the exclusion of confessions or admissions which may be obtained by force or duress or other improper means. The distinction between confessions and admissions and the method by which their voluntariness or credibility should be inquired into is treated in the case of *State v. Crank.*[2]

The means by which the trial court discharges its responsibility of seeing that justice is done may vary according to the circumstances of the particular case and rests largely within its discretion.[3] In this instance, there is nothing in the evidence to indicate other than that the defendant, after being advised of his rights, voluntarily answered Officer Reit's question as to what had happened. It also appears that at this juncture of the trial the court excused the jury, and afforded defendant ample opportunity to explore the issue of voluntariness, before admitting the testimony. We perceive nothing about the circumstances of

this case from which it could reasonably be concluded that the trial court should have done any more than was done, or that the defendant suffered any prejudice.

Defendant's contention that he was entitled to an instruction concerning the credibility of Officer Reit's testimony is without merit. It seems particularly strange that such an argument is made here when the record shows that his counsel told the trial court that he did not intend to request any such instruction. In addition to the fact that it is not error to fail to give an instruction when none is requested, the more important proposition is that under our law the court does not comment on the evidence nor upon the credibility of testimony; that is left exclusively to the jury.[4]

In regard to defendant's final point: that prejudicial error was committed because the prosecution did not disclose to him that it intended to use the testimony of Officer Reit concerning defendant's admission, this is to be said: we are in agreement with the proposition that the prosecution is under an obligation to treat the defendant fairly; and that it cannot wilfully suppress evidence favorable to him for the purpose of obtaining a conviction.[5] However, as will be seen from what has been said above, there was no abuse of that principle. The defendant and his counsel were aware of what had happened; and there was no suppression of evidence involved.

Affirmed. No costs awarded.

ELLETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.

2. 105 Utah 332, 142 P.2d 178, 170 A.L.R. 542.

3. *State v. Louden,* 15 Utah 2d 64, 387 P.2d 240 (1963), vacated on other grounds, 379 U.S. 1, 85 S.Ct. 87, 13 L.Ed.2d 23 (1964).

4. See Utah Const., Art. I, Sec. 12; U.C.A., Sec. 77–31–31; *State v. Schoenfeld,* Utah, 545 P.2d 193; *State v. James,* 32 Utah 152, 89 P. 460.

5. *U. S. v. Bryant,* 142 U.S.App.D.C. 132, 439 F.2d 642 (1972).