STATE of Utah, Plaintiff and
Respondent,

v.

James Harleston LINDEN, Jr., James
Harleston Linden, Sr., and Marvin Victor Wardle, Defendants and Appellants.

No. 17761.

Supreme Court of Utah.

May 23, 1983.

Robert Van Sciver, Salt Lake City, for defendants and appellants.

David L. Wilkinson, Atty. Gen., Earl Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was charged with two counts of arson of a house, in violation of U.C.A., 1953, § 76–6–102(1). Two others were named as codefendants: James Harleston Linden, Jr., defendant's son, and Martin Victor Wardle, defendant's nephew by marriage. At a jury trial, defendant and his son were found guilty of both counts and Wardle was found not guilty. Defendant brings a separate appeal from that of his son.[1]

Defendant contends that the evidence is insufficient to support his conviction. In order to upset a conviction for insufficiency of the evidence, a defendant must show that reasonable minds must necessarily entertain a reasonable doubt as to defendant's guilt.[2]

Found at the scene of the fire were two black plastic gas cans, later traced as items sold by Checker Auto Parts. Kathy Lynn Ott testified that she worked at a nearby Checker and that on about the day of the fire she remembered selling two black plastic cans to two men, one younger and the other older. Ott later identified the younger man as codefendant Wardle. The state intimates that although not identified, the older man was defendant. Ott described the older man as being 5'8" tall, 160 to 180 pounds, with dark hair, in his late thirties. Defendant was 49 years old at the time, but otherwise roughly matched Ott's description.

There was considerable circumstantial evidence adduced at trial. Although circumstantial evidence may be sufficient to establish guilt,[3] the circumstantial evidence in this case relates not to the burning of the house, but to the burning of a neighboring beauty salon.[4] Since neither defendant nor anyone else was charged with arson in that separate incident, the circumstantial evidence is of minimal value.[5]

We do not believe that sufficient evidence was adduced at trial to tie this defendant to the crime. The guilt of defendant's son cannot be attributed to the de-

---

1. For the companion case, see State v. Linden, Jr., Utah, 657 P.2d 1364 (1983).

2. See State v. Howell, Utah, 649 P.2d 91 (1982), and cases cited therein.

3. State v. Clayton, Utah, 646 P.2d 723 (1982).

4. The state contends that this evidence tends to show a modus operandi, to wit, recovery of insurance proceeds.

5. We do not rule that it constituted an abuse of discretion for the trial court to admit evidence as to the burning of the salon. However, whether its probative value outweighs its prejudicial effect is certainly open to question. See Rule 45, Utah Rules of Evidence.

fendant and Ott's testimony is simply too equivocal to support the conviction. Having concluded that the evidence is insufficient to support the conviction, we need not address other points raised by defendant on appeal.

Reversed.