**STATE of Utah, Plaintiff and Appellee,**

v.

**Clifford B. SHOWAKER, Defendant and Appellant.**

No. 20688.

Supreme Court of Utah.

June 26, 1986.

Lynn R. Brown, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and appellee.

PER CURIAM:

Defendant appeals from a jury verdict of guilty of the crime of burglary, a third degree felony under U.C.A., 1953, § 76–6–202, and the crime of arson, a third degree felony under U.C.A., 1953, § 76–6–102. He appeals, arguing that the evidence was insufficient to convict him of the crimes beyond a reasonable doubt. We affirm.

On the night of Labor Day, September 3, 1984, at approximately 11:15 p.m., fire fighters responded to a report of a fire at Diamond Industrial Fiberglass Co., located at 156 West 4800 South in Murray, Utah. An investigation was conducted following the fire, as arson was evident.

The fire investigator found that a back door near the loading dock had been forced open. Flammable chemicals contained in five and fifty-five-gallon drums had been moved into the building and deliberately spilled. A fresh palm print and the prints of four fingers of defendant's left hand were found on a drum of acetone, which was turned over on the loading platform on the outside of the building.

Paper toweling had been laid as a method of leading or trailing fire from one flammable liquid spill inside the building to another. The paper trailers were not entirely successful, as some had self-extinguished and others had never been ignited. The office portion of the building, however, was deeply burned. In one office in particular, the flooring was burned to the concrete. No trace of the wooden desk and chairs in this office could be found, and only the metal trimmings of a side table remained. The fire investigator testified that the fire was started in this office and that a considerable amount of accelerant had been used. He estimated that the fire had burned here for thirty to forty minutes.

Other evidence showed that two drums of acetone had been delivered to Diamond's loading dock five days prior to the fire, and two empty drums had been picked up in exchange. One man could easily move these fifty-five-gallon drums by use of a handcart, several of which were in the building. Another witness testified that the Utah Department of Transportation requires reconditioning of the chemical drums after they are emptied and before they are refilled with chemicals. This reconditioning includes an acid bath of the drums to remove any prior chemicals, a water bath to check for leaking, and a complete repainting of the drums.

Defendant was employed by Diamond Industrial Fiberglass until he was fired on June 28, 1984. A fellow employee testified that defendant had told him earlier on that day that if he were fired he would come back and burn the place down, and start the fire in either the office of the superintendant or that of the general manager. The office deeply burned was used by the superintendent on June 28, 1984.

Defendant does not contest that the building was broken into or that the fire was the result of arson, but contends that the evidence was insufficient to connect him with the crimes. Specifically, defendant argues that the evidence is insufficient to show motive for the arson or that he had sufficient opportunity to commit the crimes.

Defendant spent Labor Day at the home of friends, the Barberinos. He left their home at 10:30 p.m., or as late as 10:40. A witness testified that the fire could have been laid in as little as ten minutes, since handcarts were readily available to move the heavy drums of chemicals. The travel time from the Barberinos to the site of the fire was approximately eight minutes. The fire investigator estimated the time of the ignition of the fire at approximately 11:00 p.m. The jury could reasonably have believed that defendant had ample opportunity to set the blaze.

Defendant argues that it is pure coincidence that the fire was set in exactly the manner as defendant threatened and contends that he was merely joking when he told his fellow employee he would come back and burn the plant if he were fired. The jury could reasonably have believed, however, that defendant carried out his threat.

Finally, defendant suggests several possibilities to explain the presence of his handprint on the chemical drum. He contends that his handprint might have been placed on the drum outside the building at any time; that it might have remained on the barrel from the time he worked at the plant; or that it might have been placed on the drum at defendant's current place of employment and somehow survived the reconditioning required by the Utah Department of Transportation. The jury could reasonably have rejected this argument and believed that the handprint was placed on the drum the night of the fire.

Defendant's argument that the evidence is insufficient to support the verdict is without merit. It is the exclusive function of the jury to determine the credibility of the witnesses and to weigh the evidence.[1] This Court does not overturn the verdict of a jury unless, in light of all of the evidence, reasonable men, acting fairly, could not have reached a verdict of guilty beyond a reasonable doubt.[2]

The verdict is supported by substantial credible evidence which, together with the reasonable inferences to be drawn therefrom, was not so inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt. The verdict and judgment are affirmed.

1. *State v. Howell,* 649 P.2d 91 (Utah 1982).

2. *State v. Griffin,* 685 P.2d 546 (Utah 1984).