**STATE of Utah, Plaintiff and Appellee,**

**v.**

**Wayne J. LARSON, Defendant and Appellant.**

**No. 860553.**

Supreme Court of Utah.

June 1, 1989.

---

**4.** 28 Am.Jur.2d *Estoppel and Waiver,* §§ 149, at 831–32, 174, at 864 (1966).

416

Gerald S. Wight, Ogden, for defendant and appellant.

R. Paul Van Dam and Kimberly K. Hornak, Salt Lake City, for plaintiff and appellee.

ZIMMERMAN, Justice:

Defendant Wayne J. Larson appeals from his conviction, following a jury trial, of the offense of sodomy on a child, a first degree felony. Utah Code Ann. § 76-5-403.1 (Supp.1986) (amended 1988). On appeal, Larson advances three arguments. He claims that the trial court erred

in denying his pretrial motion to dismiss or continue the action, in excluding from evidence certain police reports, and in improperly commenting on the lack of relevance of those police reports. We affirm.

In January of 1986, Larson was arrested and charged with committing sodomy on a child, a violation of section 76–5–403.1 of the Code. Utah Code Ann. § 76–5–403.1 (Supp.1986) (amended 1988). The child was thirteen at the time of the alleged abuse. When the child first reported the abuse in December of 1985, he was living with his father and stepmother in New Mexico. He alleged that he had been abused by Larson while he was living with his mother and stepfather in Davis County, Utah. He initially claimed that the incident occurred a year earlier, during November or December of 1984. Later, he changed the date to March or April of 1985, and by the time of trial, he contended that it had occurred between March 28 and April 7, 1985. The jury trial was held in May of 1986. It amounted essentially to a test of the child's credibility. Larson did not testify. He was convicted and sentenced to a minimum mandatory prison term of five years under section 76–5–403.1(2) of the Code. Utah Code Ann. § 76–5–403.1(2) (Supp.1986).

Larson's first argument on appeal is that the court erred in denying his motion made four days before trial to either dismiss the charges or continue the trial. The basis for this motion was Larson's claim that the prosecution had failed to comply with certain discovery requests and with a court order compelling discovery. Some background concerning this discovery issue is necessary. No physical evidence of the alleged abuse existed. Larson's defense strategy was to show that the child was not a believable witness. Larson knew that the child had been arrested several times and had been incarcerated in juvenile detention facilities on occasion. Larson hoped to show that the child was in custody at the time of the alleged abuse.

In furtherance of this effort, Larson made a discovery request under criminal procedure rule 16 in February of 1986 for, *inter alia,*

any and all police records relating in any manner to the alleged victim ... including but not limited to actual charges filed against said individual, investigations in which said individual was a suspect, records of any Court proceedings concerning said individual, any periods of incarceration of said individual and any and all records respecting placement in foster care or any other protective services.

Utah R.Crim.P. 16 (codified at Utah Code Ann. § 77–35–16 (1982)). In March, Larson made a motion to compel under criminal procedure rule 16, having concluded that the prosecution's response was inadequate. On March 20th, the court ordered the prosecution to provide Larson with the documents requested. The prosecution contacted the juvenile court, showed it the order, and requested the documents described in the request. The juvenile court agreed to release only records showing the child's detentions in juvenile court facilities, a total of two documents. It refused to turn over other documents covered by the discovery request. The prosecution sent copies of the two documents to Larson's counsel in early April. On May 21st, over a month and a half later and six days before the scheduled trial date, Larson filed a second motion pursuant to criminal procedure rule 16(g). This time, he asked the court to dismiss the charges or continue the trial on grounds that the prosecution had not adequately responded to the request or the order.

A hearing on this motion was held on Friday, May 23rd. The trial court denied Larson's motion, informing his counsel that the State did not have the right to secure additional documents from the juvenile court, that it was his responsibility to subpoena the custodians of those records if he wished to acquire them, and that immediately after the hearing, Larson's attorney and the prosecutor were to see if they could contact those people to arrange for production of the remaining documents. The custodians were identified as the director of the Moweda juvenile detention facilities near Roy, Utah, and the Director of Family Services for the Utah area where

the child used to live. The court also indicated that if Larson needed more time to prepare his defense after contacting the custodians, it would consider continuing the trial date.

Following the hearing, Larson's counsel directed a process server to subpoena the custodians. Four days later, on the morning of the trial, the custodians did not appear and the documents were not produced. Larson's counsel was unsure whether these individuals had been served. However, he did not request a continuance. The one-day trial proceeded, and Larson was convicted.

■ Larson argues that criminal procedure rule 16(g) vested the trial court with wide discretion to remedy the prosecution's failure to comply with his discovery requests and claims that the court abused this discretion when it denied his pretrial motion to dismiss the charges or continue the trial.[1] Rule 16(g) provides:

> If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances.

Utah R.Crim.P. 16(g) (codified at Utah Code Ann. § 77–35–16(g) (1982)). Rule 16(g) grants a trial court ample discretion to remedy any prejudice to a party resulting from a breach of the criminal discovery rules. *State v. Knight*, 734 P.2d 913, 918 (Utah 1987). However, the crux of a rule 16(g) motion is a requirement that the moving party show that the other party has failed to furnish discovery as required by rule 16. In the present case, Larson has made no such showing.

■ As the trial court informed Larson's counsel on May 23rd, when the motion to dismiss or continue came on for hearing, the prosecution had complied with the court's order compelling discovery. It had made a reasonable attempt to acquire the requested juvenile court records and had promptly sent Larson copies of the two documents it obtained. The remaining documents were not within the prosecution's control; therefore, failing to produce them certainly was not a violation of the earlier order or of the rule. Because there was no legal basis for Larson's rule 16(g) motion, the trial court properly denied it.

■ But even if the trial court erred in denying Larson's rule 16(g) motion, we still would not find reversible error. Although the court denied Larson's motion on May 23rd, it indicated that it would consider a request to continue the trial date if Larson's counsel felt that a continuance was necessary after he had subpoenaed the juvenile record holders. On May 27th, the trial date, Larson's counsel informed the court that he was unsure whether the record holders had been served. He did not, however, request that the trial be continued. Therefore, by not requesting a continuance at that point, Larson essentially waived his right to later claim error. *See generally* Utah R.Evid. 103(a); *State v. Schreuder*, 726 P.2d 1215, 1222 (Utah 1986).

■ Larson's second argument is that the trial court erred in excluding from evidence some of the police reports about which the child and a police officer, Don Roundy, were cross-examined. A brief review of those examinations will assist in disposing of this claim. During the child's cross-examination, Larson's counsel focused on the fact that he had changed the date of the alleged abuse from November or December of 1984 to March or April of 1985 only after the police provided him with a number of police reports, including

---

**1.** Larson failed to provide any legal support for his claim. Rule 24(a)(9) of the Rules of the Utah Supreme Court, which concerns arguments made on appeal, states: "The argument shall contain the contentions of the appellant with respect to the issues presented and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." R.Utah S.Ct. 24(a)(9). We are under no obligation to address the argument of an appellant who has not complied with this rule.

his own arrest record, to prompt his memory and after the police informed him that a movie he claimed to have seen on the night of the incident in November or December of 1984 actually played in April of 1985. In the course of this cross-examination, Larson's counsel had the child read several passages from the police reports in which he made inconsistent statements about the date and location of the alleged abuse.

Detective Roundy was extensively questioned concerning the police reports he made in investigating the alleged abuse. At the request of Larson's counsel, Roundy read several parts of these reports to the jury. The portions read covered discussions with the New Mexico police officer who interviewed the child when he reported the alleged abuse, an interrogation of Larson, statements indicating Roundy's doubts about the child's credibility, an investigation of the discrepancies in the child's statements as to the abuse date, and runaway reports on the child.

After completing his cross-examination of the child and Roundy, Larson's counsel moved to introduce into evidence all of the reports from which those witnesses had read. The court denied this request, reasoning:

> [T]here's too much information in them which will not be relevant to the matters before the Court. Those matters which you have wanted to bring to the attention of the jury have been brought to their attention.... The Court will deny their admission under the Rule 4.3 [sic]. The Court would find that it would take too much of the jury's time and tend to confuse those as to matters which are not relevant.

The transcript's reference to "Rule 4.3" was clarified at the close of trial to be a reference to Utah Rule of Evidence 403. Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of

undue delay, waste of time, or needless presentation of cumulative evidence.

Utah R.Evid. 403.

■ In reviewing evidentiary rulings made under rule 403, we will not overturn a trial court absent an abuse of discretion. *State v. Cloud,* 722 P.2d 750, 752 (Utah 1986); *State v. Garcia,* 663 P.2d 60, 64 (Utah 1983). To constitute an abuse of discretion, the error must have been harmful. *See State v. Verde,* 770 P.2d 116, 120 (Utah 1989). In this case, we cannot conclude that the trial court's ruling was an abuse of discretion. Both the child and Roundy were extensively cross-examined, and all pertinent portions of the police records used in the cross-examination were read to the jury. It is hard to understand how Larson could have been prejudiced by the exclusion of the portions of the reports not used in cross-examination. Indeed, Larson has failed to specify how the admission of the police reports would have helped him. In the complete absence of such a showing, there is no basis for a finding of error.

■ Larson's third argument is that the trial court erred in improperly commenting on the lack of relevance of the police reports and the merits of his case. He claims that such a comment was made by the court when it gave its reason for refusing to admit the police reports. The statement to which Larson takes offense was as follows:

> [T]here's too much information in them [the police reports] which will not be relevant to the matters before the Court. Those matters which you have wanted to bring to the attention of the jury have been brought to their attention.... The Court will deny their admission under the Rule 4.3 [sic]. The Court would find that it would take too much of the jury's time and tend to confuse [the jurors] as to matters which are not relevant.

A court may not comment on the evidence or upon the credibility of a witness's testimony. *State v. Adams,* 583 P.2d 89, 91 (Utah 1978); *State v. Rosenbaum,* 22 Utah 2d 159, 160, 449 P.2d 999, 1000 (1969). In the present case, the court did not vio-

late this rule. It merely explained its reason for excluding the police records from evidence. That explanation cannot be legitimately construed as a comment on the weight of the evidence or the merits of the case. In addition, the court specifically instructed the jury to disregard any expression by the court that seemed to indicate the court's opinion about any of the evidence and cautioned it to be the "sole and only judges of the facts."

The conviction is affirmed.

HALL, C.J., and HOWE, Associate C.J., and DURHAM, J., concur.

STEWART, J., concurs in the result.