STATE of Utah, Plaintiff and Appellee,

v.

Stanley E. GOTSCHALL, Defendant and Appellant.

No. 870294.

Supreme Court of Utah.

Oct. 5, 1989.

Deirdre A. Gorman, Ogden, for defendant and appellant.

R. Paul Van Dam, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellee.

ZIMMERMAN, Justice:

Defendant Stanley E. Gotschall appeals his jury conviction of second degree murder, a first degree felony, in violation of section 76–5–203 of the Code. Utah Code Ann. § 76–5–203 (Supp.1989). Gotschall raises four claims of trial court error: (i) refusal to dismiss a prospective juror for cause, thereby forcing defense counsel to use a peremptory challenge; (ii) allowance of testimony concerning Gotschall's prior bad acts; (iii) admission of prosecution character evidence before Gotschall put on evidence to support his claim of self-defense; and (iv) refusal to instruct the jury on negligent homicide as a lesser included offense. We affirm.

On May 17, 1987, defendant Stanley "Pete" Gotschall struck Don Miller several times with the thick end of a pool cue at

the Horseshoe Lounge and Showroom in Ogden, Utah. The blows killed Miller. Eyewitnesses testified that all but one blow was struck after the victim lay motionless on the floor.

Gotschall was charged with second degree murder and tried before a jury. At trial, he claimed to have acted in self-defense. In a statement given to the police, Gotschall stated that he struck Miller because he feared Miller would attack him. Gotschall asserts that the incident occurred as follows. After arguing with Miller, he got up to leave. Miller, however, came toward him. He warned Miller to stay away from him and then picked up a cue from the pool table and struck Miller on the head. When Miller fell to the ground, Gotschall kicked Miller in the head because he did not want Miller to get up and renew the assault. Gotschall said he was unaware that Miller had been seriously injured. At trial, eyewitnesses to the event testified that Gotschall had no cause to believe he was in danger. The trial court instructed the jury that it could convict Gotschall on the lesser included offense of manslaughter if it concluded that the prosecutor had failed to prove the required elements of second degree murder beyond a reasonable doubt. The jury found Gotschall guilty of second degree murder.

On appeal, Gotschall challenges several of the trial court's rulings. We will discuss them *seriatim* and will describe the facts relevant to each claim in the course of that discussion.

Gotschall's first claim is that the trial court erred in not excusing a prospective juror for cause. As a result, Gotschall had to use one of his peremptory challenges to eliminate that venire person. During jury selection, a prospective juror, Mr. Hundel, made statements that evidenced a lack of understanding of the concepts of burden of proof and a defendant's right not to take the stand. The following is an excerpt from the examination:

Defense Counsel: What would any of you think if the defendant didn't offer any evidence? Would you want to hear his version? Okay. What if he didn't offer a version, would you hold the State to their burden of proof beyond a reasonable doubt? Could you do that without hearing the Defendant's version of the facts?

Mr. Hundel: I think it would be difficult to decide.

The Court: The questions are coming in a form I am not sure the jury can respond to appropriately. If you will permit me to instruct the jurors that it is always the burden on the State to prove the guilt of the defendant beyond a reasonable doubt. The defendant has no burden to prove his innocence. He is presumed innocent until the State proves his guilt beyond a reasonable doubt. If they can do that. The defendant has no obligation to present a defense. He has no obligation to testify if he doesn't want to. And you would be instructed that you are not to hold that against him. And you must still judge the State's case on its own merits. And unless the State has proven him guilty beyond a reasonable doubt, you will find the defendant not guilty. If any of you quarrel with the law—

Defense Counsel: Mr. Hundel, you indicated you might have a problem. What would that be?

Mr. Hundel: I was just stating a fact. The State presents their case, and the defendant has no case at all. I don't know, it wouldn't seem like, you know, a fair trial. Naturally the man wants to defend his innocence if he is innocent.

Defense Counsel: Do you think a man has to defend his innocence, or the State has to prove he is guilty?

Mr. Hundel: Somebody has to do something. I mean it can't be in limbo.

Defense Counsel: Can't be what?

Mr. Hundel: Can't be in limbo. The State has to present a case enough to prosecute, or the defendant has to present a case enough to make him look innocent. I mean it can't be like hanging in mid-air. Somebody has got to do something. You know what I mean?

Defense Counsel: How about after you heard the State's evidence, and you

weren't—you have some questions about a couple of elements. What would your verdict be?

Prosecution: Your Honor, I object to asking for the verdict.

The Court: I am not sure that's an appropriate question.

Mr. Hundel: I couldn't answer the question.

The Court: If you heard the State's evidence and were not convinced of the defendant's guilt beyond a reasonable doubt, and even though the defendant presented no defense would you be able to find him not guilty?

Mr. Hundel: I don't know. I don't know. I would have to—I don't know.

The Court: Mr. Hundel, I don't want to leave any loose ends with how you feel about this. Let me walk through the process and see if we have a misunderstanding. You do understand it is the State's burden to prove the defendant guilty beyond a reasonable doubt?

Mr. Hundel: Yes, I do.

The Court: Do you have any problem with that?

Mr. Hundel: No.

The Court: If the State does not prove the guilt beyond a reasonable doubt, would you be able to find the defendant not guilty? If the State doesn't prove the case?

Mr. Hundel: Well, the defendant has to prove himself innocent before I would.

The Court: He doesn't have to. The law doesn't require that.

Mr. Hundel: The law doesn't require that?

The Court: The burden is on the State throughout the trial to prove guilt beyond a reasonable doubt. Do you accept that?

Mr. Hundel: Yeah.

The Court: Would you require the defendant to present a defense even though the State had not proved guilt beyond a reasonable doubt in your mind?

Mr. Hundel: Not if he don't have to, I guess I wouldn't require it.

Gotschall's counsel moved that Hundel be dismissed for cause. The court denied Gotschall's challenge for cause after further questioning as follows:

The Court: Mr. Hundel, I interpret your answers to the last group of questions to mean that you understand the defendant does not have to defend the case.

Mr. Hundel: That's right.

The Court: You understand?

Mr. Hundel: I understand that he don't have to. I just said I felt as if he would want to defend himself against the State's case.

The Court: But if you were instructed that you were not to consider whether or not he defended himself in determining guilt or innocence, but still you have to look at all of the evidence to determine whether or not you are satisfied of his guilt beyond a reasonable doubt, could you follow that Instruction?

Mr. Hundel: Yeah.

Gotschall's counsel then used a peremptory challenge to dismiss Hundel from the jury.

■ A court commits prejudicial error if it forces a party to exercise a peremptory challenge to remove a prospective juror who should have been removed for cause. *State v. Moton,* 749 P.2d 639, 642–43 (Utah 1988); *State v. Jones,* 734 P.2d 473, 474–75 (Utah 1987); *State v. Hewitt,* 689 P.2d 22, 26–27 (Utah 1984). Utah Rule of Criminal Procedure 18(e)(14) sets forth the applicable standard under which Gotschall's claim that Hundel should have been dismissed for cause is to be tested:

(e) The challenge for cause is an objection to a particular juror and may be taken on one or more of the following grounds:

. . . .

(14) that a state of mind exists on the part of the juror with reference to the cause, or to either party, which will prevent him [or her] from acting impartially and without prejudice to the substantial rights of the party challenging. . . .

Utah R.Crim.P. 18(e)(14) (codified at Utah Code Ann. § 77–35–18(e)(14) (1982) (repealed effective July 1, 1990)). Every ex-

pression by a prospective juror that might be inconsistent with the correct legal standard for determining guilt or innocence is not grounds for a dismissal for cause. If the juror simply misapprehends the appropriate standard but readily accepts the correct standard when advised of it, it is hard to see how that juror's "state of mind ... will prevent him [or her] from acting impartially and without prejudice to the substantial rights [of the defendant]...." Utah R.Crim.P. 18(e)(14); *State v. Cobb*, 774 P.2d 1123, 1126 (Utah 1989); *State v. Frame*, 723 P.2d 401, 406 (Utah 1986).

■ A motion to dismiss a prospective juror for cause is addressed to the sound discretion of the trial court. When reviewing such a ruling, we reverse only if the trial court has abused that discretion by committing harmful error. *See State v. Larson*, 775 P.2d 415, 419 (Utah 1989); *State v. Verde*, 770 P.2d 116, 120 (Utah 1989). We find no such abuse of discretion here. Mr. Hundel was simply ignorant of the legal concept of burden of proof until the judge clarified the matter. It is common for prospective jurors to be unaware of the rules and presumptions of the law. As long as a potential juror is willing and able to apply the rules of law once he or she has been informed of them, that juror need not be dismissed for cause.

Gotschall's second claim is that the trial court abused its discretion by allowing testimony concerning his prior bad acts into evidence. At trial, statements threatening violence that Gotschall made on the day of the killing were introduced as evidence. Specifically, on the day of the killing, a group of people entered the Round–Up Bar and Cafe, which Gotschall managed. Gotschall approached one woman in the group and told her that she was so ugly he would be doing her a favor if he "bashed

[her] head in with [his] attitude adjustor." The woman testified that she was aware that Gotschall called the baseball bat that he was swinging at the time his "attitude adjustor." Later that day, Gotschall told the bartender of the Round–Up Bar and Cafe that he would have liked to "bash in" the head of a previous bartender with a baseball bat.

Response to Gotschall's argument involves reference to two rules of evidence. Utah Rule of Evidence 404(b) prohibits the admission of evidence of other crimes or civil wrongs committed by a defendant, except when relevant to prove some other material fact, such as the "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" on the part of the defendant.[1] Rule 404(b) alone does not end the analysis, because evidence that may be admissible as falling within one of these exceptions is still subject to exclusion under Utah Rule of Evidence 403, which provides a trial court discretion to exclude otherwise relevant evidence when its potential for unfair prejudice outweighs its probativeness.[2] *E.g., State v. Williams*, 773 P.2d 1368, 1370–71 (Utah 1989); *State v. McCardell*, 652 P.2d 942, 944 (Utah 1982) (applying former rule 45(b)). As in other instances where the rules commit a matter to a trial court's discretion, we will not overturn a trial court's ruling under rule 403 unless that discretion has been abused. *Larson*, 775 P.2d at 419; *State v. Cloud*, 722 P.2d 750, 752 (Utah 1986). To constitute an abuse of discretion, the error must have been harmful. *Larson*, 775 P.2d at 419; *Verde*, 770 P.2d at 120.

■ Addressing the rule 404(b) question first, we conclude that although the issue is not without doubt, the trial court did not

---

1. Utah Rule of Evidence 404(b) provides:

   (b) *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he [or she] acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Utah R.Evid. 404(b).

2. Utah Rule of Evidence 403 provides:

   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

err in admitting the evidence of Gotschall's remarks made the day of the killing about hitting people with a baseball bat. The trial court could have concluded that the evidence was relevant to show Gotschall's state of mind at the time of the crime, an issue that was vital to his claim of self-defense.[3]

We also conclude that the trial court did not abuse its discretion in refusing to exclude the evidence under rule 403. It is plain that the evidence had significant potential for unfair prejudice; however, we cannot say that the trial court erred in concluding that this potential did not outweigh the probative value of the evidence.

Gotschall's third argument is that the trial court erred in permitting the State to introduce evidence of Miller's peaceable nature as part of its case-in-chief before Gotschall introduced any evidence relevant to his claim of self-defense. Gotschall claims that this violated Utah Rule of Evidence 404(a)(2), which states that character evidence is admissible only to rebut evidence that the victim was the aggressor.[4]

The burden of showing error is on the party who seeks to upset the judgment. *State v. Jones,* 657 P.2d 1263, 1267 (Utah 1982). Here, Gotschall's counsel has not called our attention to the pertinent parts of the record. Nevertheless, after a search through the record, we find that the State did introduce victim character evidence other than in rebuttal, but we do not find any objection in the record to that evidence. The lack of a properly preserved objection, absent a finding of plain error, precludes appellate review. *State v. Eldredge,* 773 P.2d 29, 35 (Utah 1989); *Verde,* 770 P.2d at 121; Utah R.Evid. 103(a). A finding by the court of plain error requires that the error be obvious and harmful. *Eldredge,* 773 P.2d at 35; *Verde,* 770 P.2d at 122; Utah R.Evid. 103(d). Because Gotschall's defense both before and during trial was consistently one of self-defense, it is hard to see how any such error could be harmful. Gotschall's counsel did not properly preserve an objection and we do not find plain error; therefore we decline to address the substance of Gotschall's claim.

Gotschall's final claim is that the trial court erred in refusing to instruct the jury on the lesser included offense of negligent homicide. The jury was instructed on second degree murder and, at Gotschall's insistence, manslaughter.[5] However, the tri-

---

**3.** In *State v. Featherson,* 781 P.2d 424 (Utah 1989), we held that the trial court erred in admitting evidence that the defendant, charged with aggravated sexual assault and aggravated burglary, "ogled" two women seven or eight hours before the incident for which he was charged and raised the skirt of one of the women. There is no conflict between our holding here and *Featherson.* There, we found that the "minimal probative value of such testimony was far outweighed by its prejudicial effect." *Featherson,* at 428. We also noted the lack of connection between the conduct toward the women and the subsequent assault of another woman. On the other hand, Gotschall's statements threatening to hit people in the head with a bat pertain to conduct almost identical with that charged—hitting the victim in the head with a pool cue. Moreover, Gotschall's claim of self-defense, hinging as it does on his claimed state of mind at the time he struck the victim, made this evidence particularly relevant.

**4.** Utah Rule of Evidence 404(a)(2) provides:
   (a) *Character evidence generally.* Evidence of a person's character or a trait of his [or her] character is not admissible for the purpose of proving that he [or she] acted in conformity therewith on a particular occasion, except:

. . . .
   (g) *Character of victim.* Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor.

**5.** Section 76–5–205 of the Code provides as follows:
   *Manslaughter.*
   (1) Criminal homicide constitutes manslaughter if the actor:
      (a) recklessly causes the death of another; or
      (b) causes the death of another under the influence of extreme emotional disturbance for which there is a reasonable explanation or excuse; or
      (c) causes the death of another under circumstances where the actor reasonably believes the circumstances provide a legal justification or excuse for his [or her] conduct although the conduct is not legally justifiable or excusable under the existing circumstances.

al court rejected the request that it instruct on negligent homicide.[6]

 In *State v. Baker*, 671 P.2d 152, 154–59 (Utah 1983), we set out a two-pronged test for determining when lesser included offense instructions must be given. As applied to this case, the *Baker* test would require a showing that (i) the statutory elements of the two offenses are related, and (ii) the evidence provides a reasonable basis for a finding of not guilty of second degree murder and guilty of negligent homicide. We conclude that even if it was error for the trial court not to instruct the jury on negligent homicide, a question we do not decide, the error was harmless. The jury had the opportunity to find that Gotschall acted with a lesser mental state than that required for second degree murder when it was given a manslaughter instruction, yet it convicted Gotschall of second degree murder. Gotschall's counsel does not suggest how, in light of this fact, there is any reasonable likelihood that if an instruction on negligent homicide had been given, the jury would have convicted Gotschall of that offense, rather than second degree murder or manslaughter. Therefore, the failure to give the instructions was harmless error. Utah R.Evid. 103; Utah R.Crim.P. 30 (codified at Utah Code Ann. §§ 77–35–30 (1982) (repealed effective July 1, 1990); *see State v. Rimmasch*, 775 P.2d 388, 407 (Utah 1989); *State v. Knight*, 734 P.2d 913, 919–20 (Utah 1987); *Verde*, 770 P.2d at 120.

For the foregoing reasons, Gotschall's conviction is affirmed.

HALL, C.J., HOWE, Associate C.J., DURHAM, J., and BILLINGS, Court of Appeals Judge, concur.

(2) Manslaughter is a felony of the second degree.
Utah Code Ann. § 76–5–205 (Supp.1989).

6. Section 75–5–206 of the Code provides as follows:
   *Negligent homicide.*

STEWART, J., does not participate herein; BILLINGS, Court of Appeals Judge, sat.

(1) Criminal homicide constitutes negligent homicide if the actor, acting with criminal negligence, causes the death of another.
(2) Negligent homicide is a class A misdemeanor.
Utah Code Ann. § 76–5–206 (1978).