STATE of Utah, Plaintiff and Appellee,

v.

Rodney James SCHEEL, Defendant and Appellant.

No. 910350–CA.

Court of Appeals of Utah.

Dec. 3, 1991.

Brooke C. Wells, Ronald S. Fujino (argued), Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., Charlene Barlow (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BENCH, P.J., BILLINGS, Associate P.J., and GARFF, J.

## OPINION

BILLINGS, Associate Presiding Judge:

Defendant was convicted by a jury of aggravated arson, a first-degree felony, under Utah Code Ann. § 76-6-103 (Supp. 1989).[1] On appeal, defendant alleges there is insufficient evidence to support his conviction or, alternatively, that his sentence should be reduced because the arson and aggravated arson statutes both prohibit the conduct for which he was convicted and, thus, he should have received the lesser of the two potential punishments. We affirm.

## FACTS

Defendant and Jill Merrill married March 24, 1989 and resided in a trailer home. Merrill owned the trailer home prior to the marriage. Merrill filed for divorce in June, 1989, but the couple reconciled and continued living together until November, 1989.

In early November, they agreed to separate. On November 11, defendant went to Minnesota to visit family members. While he was gone, Merrill moved her belongings out of the trailer home but left the utilities on so she could clean the trailer at a later date. She cleaned the trailer home the night of November 25. At that time, the trailer was warm, and the furnace was functioning properly.

Defendant returned from Minnesota the night of November 26 and found the trailer home empty. According to defendant, the furnace had gone out, and the trailer was cold. Defendant claimed he was attempting to light the furnace when there was an unexpected burst of fire. Initially, defendant told firefighters that flames had suddenly shot from the furnace and ignited the curtains across the hallway. At trial, defendant changed his testimony, claiming that he placed some twisted paper in the furnace and turned the furnace control knob to the "pilot" position. When flames surprisingly erupted, his hand was burned and his hair singed. In his haste to get to the bathroom to soak his hand, defendant claims he accidentally dropped the lighted paper in the hallway in front of the furnace. Upon his return, defendant discovered a fire by the base of the furnace and grabbed a curtain from the window across the hallway to smother it. Defendant claimed that, despite his efforts to combat the flames, the fire grew out of control.

The fire was reported to the fire department in the early morning hours of November 27. Because the fire department lieutenant found defendant's account of the fire's origin suspicious, he contacted a fire investigator. The investigator concluded the fire could not have started the way defendant explained because there was no evidence of an explosion in the furnace.

Defendant was subsequently convicted by a jury of aggravated arson, a first-degree felony, in violation of Utah Code Ann. § 76-6-103 (Supp.1989).

1. This statute now appears, unamended, as Utah    Code Ann. § 76-6-103 (1990).

## INSUFFICIENCY OF EVIDENCE

First, defendant contends there is insufficient evidence to support his jury conviction of aggravated arson because the State failed to prove that he intentionally caused the fire in the trailer home.

■ This court has limited authority to examine a jury verdict challenged on the sufficiency of the evidence. " '[W]e review the evidence and all inferences which may reasonably be drawn from it in the light most favorable to the verdict of the jury,' " reversing " 'only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he ... was convicted.' " *State v. Verde*, 770 P.2d 116, 124 (Utah 1989) (quoting *State v. Petree*, 659 P.2d 443, 444 (Utah 1983)); *accord State v. Sherard*, 818 P.2d 554, 557 (Utah App.1991).

■ Furthermore, defendant must "marshal all evidence *supporting* the jury's verdict and must then show how this mar-

shaled evidence is insufficient to support the verdict even when viewed in the light most favorable to the verdict." *State v. Perdue*, 813 P.2d 1201, 1207 (Utah App. 1991); *accord Cambelt Int'l Corp. v. Dalton*, 745 P.2d 1239, 1242 (Utah 1987).

■ Defendant claims the State did not establish beyond a reasonable doubt that he intentionally started the fire. Defendant correctly asserts that "intent" is an element of aggravated arson.[2] Thus, the prosecution had the burden of proving that defendant intended to start a fire in the trailer home. Utah courts have determined that circumstantial evidence is sufficient to sustain an arson conviction.[3] In sum, to persuade this court that there is insufficient evidence for a reasonable jury to convict him of aggravated arson, defendant must marshal all of the evidence in support of the verdict, including all circumstantial evidence, and then persuade us that, based upon this evidence, the State failed to prove he intentionally caused the fire. Defendant has not met his burden.

2. In *State v. Durant*, 674 P.2d 638 (Utah 1983), an appeal from a conviction for aggravated arson, the Utah Supreme Court commented on the element of intent:

Section 76–6–103 states that the person is guilty only if he acted "intentionally and unlawfully." "A person engages in conduct: (1) Intentionally ... when it is his conscious objective or desire to engage in the conduct or cause the result." ... Thus, the person who carelessly burns a pile of trash in a high wind, setting fire to his own home or another's, might be found guilty under the reckless burning statute, but could not be found guilty of aggravated arson. Similarly, a homeowner who accidentally sets fire to his garage with his welding torch could not be said to have "intentionally" damaged a habitable structure. *Id.* at 641; *see also State v. Breckenridge*, 688 P.2d 440, 443 (Utah 1983) (section 76–6–102 "requires as an element of arson that a person *intentionally damage* property").

3. *See, e.g., State v. Span*, 819 P.2d 329, 332–33 (Utah 1991) (in aggravated arson case, sufficient circumstantial evidence included defendant's anger over termination of a relationship, his prior vandalism, and use of an accelerant); *State v. Nickles*, 728 P.2d 123, 126–27 (Utah 1986) (in aggravated arson case, court noted "a well-settled rule that circumstantial evidence alone may be sufficient to establish the guilt of the accused ... if it is of such quality and

quantity as to justify a jury in determining guilt beyond a reasonable doubt, and is sufficient to sustain a conviction"); *State v. Showaker*, 721 P.2d 892, 893 (Utah 1986) ("substantial credible evidence" to sustain arson conviction included threat to cause fire, timely opportunity, and handprint); *State v. Clark*, 675 P.2d 557, 562 (Utah 1983) ("defendants' contradictory and confusing accounts of their actions offer no reasonable explanation for the fire" in aggravated arson case in view of evidence of use of fire accelerants); *State v. Dronzank*, 671 P.2d 199, 200 (Utah 1983) ("In viewing the case in light of *the totality of the evidence, the offense may be* established by circumstantial evidence. Such evidence may be the only way of establishing a case of [aggravated] arson, which usually is based on secret preparation and activity."); *State v. Linden*, 666 P.2d 875, 875 (Utah 1983) ("circumstantial evidence may be sufficient to establish guilt" in arson case); *State v. Bergwerff*, 777 P.2d 510, 511 (Utah App.1989) (sufficient evidence for aggravated arson conviction although defendant explained fire as result of "spontaneous combustion" of bird droppings in vacuum cleaner driven over oil-soaked carpet); *State v. Morehouse*, 748 P.2d 217, 218 (Utah App.) (in aggravated arson case, evidence of flammable liquid, pour and burn patterns, gasoline, and absence of electrical problems was "adequate evidence to conclude that the fires were intentionally caused"), *cert. denied*, 765 P.2d 1278 (Utah 1988).

■ Defendant's brief is devoid of any mention of the evidence supporting the jury verdict. Rather, it attempts to reargue defendant's case by recounting a version of the facts most favorable to defendant while ignoring lengthy expert testimony concerning the origin of the fire and explaining why defendant's story is not feasible. Thus, while "emphasizing the evidence that supported his position," defendant has "left it to the court to sort out what evidence actually supported the findings." *Heinecke v. Department of Commerce*, 810 P.2d 459, 464 (Utah App.1991). Since defendant has not marshaled the evidence supporting his conviction, much less demonstrated why this evidence is so inconclusive that a reasonable jury could not have convicted him, it would be inappropriate for this court to entertain the merits of defendant's argument on this issue.[4]

## THE *"SHONDEL* DOCTRINE"

Alternatively, defendant asserts that the conduct for which he was convicted is prohibited both by the arson and aggravated arson statutes. Therefore, he seeks to be resentenced, arguing that he should have been convicted of and received a sentence commensurate with arson, the lesser offense, pursuant to *State v. Shondel*, 22 Utah 2d 343, 453 P.2d 146 (1969).

The State contends, as a threshold matter, that this court should not consider the merits of defendant's claim as he raises his *Shondel* issue for the first time on appeal.

■ As a general rule, we will not review a claim on appeal unless "a contemporaneous objection or some form of *specific* preservation of claims of error" has been made a part of the record. *State v. Johnson*, 774 P.2d 1141, 1144 (Utah 1989) (quoting *State v. Tillman*, 750 P.2d 546, 551 (Utah 1987)). The two exceptions to this rule are "plain error" and "exceptional circumstances." *See State v. Archambeau*, 820 P.2d 920, 926 (Utah App.1991).

■ Defendant, however, relies upon *State v. Babbel*, 813 P.2d 86 (Utah 1991), for the proposition that, "because an illegal sentence is void, a trial court may correct an illegal sentence at any time." *Id.* at 88. Defendant misapprehends the applicability of *Babbel.* In this appeal, defendant does not challenge the imposition of an incorrect and, thus, void sentence.[5] Rather, defen-

---

4. However, even if we were to consider the issue on the merits, the result would not differ. The record is replete with evidence upon which a reasonable jury could convict defendant of aggravated arson, and his credibility suffers because he presented two different accounts of the fire's origin.

Merrill, defendant's wife, had never observed flames capable of starting a fire shooting out of the furnace, and a gas company expert testified he had never seen torch-like flames from a pilot light. The furnace was serviced every year and had been checked that year "right before it was cold." When Merrill last left the trailer, the control valve was in the "on" position, and the furnace was operating normally and set at 65–68 degrees.

Expert evidence presented to the jury indicates that if the fire had started in the manner stated by defendant there would have been signs of combustion within the furnace. There were none. In a natural gas furnace, like the one in question, an explosion is unlikely because natural gas evaporates, leaving no accumulation to ignite. If, however, the natural gas had somehow accumulated, the top of the chimney would have exploded. No such evidence was found. The furnace valve was in the "on" position at the time of the fire, not in the "pilot" position as defendant suggested, thus making it impossible for the pilot light to ignite at all, much less erupt in flame.

Furthermore and contrary to defendant's assertions, the record reveals proof of the element of "intent." A fire investigation expert opined that the fire was intentionally set because he had "tried to eliminate all of the accidental reasons for it," and "there was no accidental reason for a fire to occur." He stated that the only remaining question was whether the fire was ignited by match, lighter, or some kind of combustible material. Exhaustive expert testimony discredited defendant's account of the fire because it was contrary to furnace operations and fire behavior.

5. *State v. Babbel*, 813 P.2d 86 (Utah 1991) involved Utah Code Ann. § 77–35–22(e) (Supp. 1981) (repealed effective July 1, 1990, comparable to Utah R.Crim.P. 22(e)). This statute provides that a court can "correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." In *Babbel*, the defendant's original sentence was illegal because the judge should have, but did not, impose the minimum mandatory sentences. The Utah Supreme Court, in an earlier appeal, vacated the defendant's sentence and remanded for resentencing

474

dant claims he should have been *convicted* and, thus, sentenced for arson rather than aggravated arson, as both offenses proscribe the conduct for which he was convicted. Therefore, we find defendant's justification for our reaching his *Shondel* argument, raised for the first time on appeal, without merit. Defendant's *Shondel* claim presents neither "plain error" nor "exceptional circumstances" and, therefore, we refuse to consider it for the first time on appeal. *See Archambeau,* 820 P.2d at 926.

## CONCLUSION

In sum, because defendant failed to marshal the evidence supporting his jury conviction for aggravated arson, we refuse to consider his claim of insufficient evidence. Furthermore, we decline to entertain the merits of defendant's *Shondel* claim, as he raises it for the first time on appeal. We, therefore, affirm his conviction for aggravated arson.

BENCH, P.J., and GARFF, J., concur.

"because of the clear error in the original sentences." *State v. Babbel,* 770 P.2d 987, 994 (Utah 1989). In the later *Babbel* case, the defendant challenged the remand sentence which was harsher than his original sentence.

The later *Babbel* case distinguished the "correction of an illegal sentence [which] stands on a different footing from the correction of an error in a conviction." *Babbel,* 813 P.2d at 88. This distinction pertains to this case because defendant contends not that his sentence is illegal but that his conviction was erroneous.