**STATE of Utah, Plaintiff and Appellee,**

v.

**Michael Wayne PILLING, Defendant and Appellant.**

**No. 930577–CA.**

Court of Appeals of Utah.

May 27, 1994.

Bradley P. Rich (Argued), Yengich, Rich & Xaiz, Salt Lake City, for appellant.

Thomas B. Brunker (Argued), Asst. Atty. Gen., Jan Graham, State Atty. Gen., Salt Lake City, for state.

Before BILLINGS, DAVIS and GREENWOOD, JJ.

## OPINION

BILLINGS, Presiding Judge:

Defendant Michael Wayne Pilling appeals his conviction for assault by a prisoner, a third degree felony, in violation of Utah Code Ann. § 76–5–102.5 (1990). We affirm.

## FACTS

At approximately 4:30 a.m. on October 11, 1992, Officer Watkins received a call about a disturbance at an apartment complex in Helper, Utah. After arriving at the complex, Officer Watkins determined that the disturbance was coming from defendant's apartment. Officer Watkins knocked on the door and defendant invited him into his apartment. While inside, Officer Watkins observed defendant yell at himself in an unintelligible language, then turn and yell at himself in English, telling himself to "shut up." Officer Watkins tried unsuccessfully to communicate with defendant while waiting for back-up to arrive.

According to Officer Watkins, defendant yelled that he wanted to talk with Don Kelly, a member of the Carbon–Emery Drug Task Force, because "Michael is on drugs." When Officer Watkins asked defendant who Michael was, he did not respond. Officer Watkins then asked where Michael's drugs were and defendant indicated in the kitchen. From where he was standing in the living room, Officer Watkins could see the kitchen and observed several syringes and a baggie containing white powder.

Officer Watkins testified he then advised defendant that he was under arrest, to which defendant replied, "No, I'm not under arrest." Officer Watkins advised defendant a second time that he was under arrest, to which defendant responded, "No, I'm not under arrest. I want to talk to Don Kelly." Defendant then jumped from the couch and ran into the bedroom. In the meantime,

Officer Wood arrived at the apartment, answering Officer Watkins's request for back-up. Officer Watkins and Officer Wood followed defendant into the bedroom where defendant took several swings at the officers. Defendant then began to mumble and walked toward the bedroom door. As he started to walk past the officers, Officer Watkins grabbed defendant by the shoulder and again advised him that he was under arrest. They then walked into the living room where defendant put his hands behind his back and said, "Okay. Okay. I'm under arrest."

Officer Watkins held defendant's left arm while Officer Wood attempted to handcuff defendant; however, the handcuffs malfunctioned. When Officer Wood removed his hand from defendant to fix the handcuffs, defendant bent down and pulled an object from his crotch area and hit Officer Watkins on the side of the head, breaking his tooth and severely bruising his cheek. Thereafter, defendant ran out the door, down the hallway and outside. He was apprehended several minutes later.

Defendant was subsequently charged with aggravated assault by a prisoner, escape,[1] unlawful possession of a controlled substance, and possession of drug paraphernalia. On count I, the jury found defendant guilty of the lesser included offense of assault by a prisoner, a violation of Utah Code Ann. § 76–5–102.5 (1990). He was also convicted on counts III and IV. Defendant was thereafter sentenced to zero to five years in the Utah State Prison on counts I and III, and to six months in the Carbon County Jail on Count IV, to run concurrently.

On appeal, defendant challenges only his conviction for assault by a prisoner, arguing that: (1) he was not a prisoner when he struck Officer Watkins and thus could not have been convicted of assault by a prisoner;

and (2) the evidence was insufficient to support his conviction for assault by a prisoner. Defendant asks that we vacate his conviction and enter a judgment for the lesser included offense of assault against a peace officer. The State responds that we should affirm defendant's conviction because: (1) defendant has not preserved the issue for appeal, and (2) defendant fails to meet his burden to marshal the evidence.

## I. PRISONER STATUS

 Defendant argues his conviction for assault by a prisoner, a third degree felony,[2] was in error and that he should instead have been convicted of assault against a peace officer, a class A misdemeanor.[3] Specifically, he claims that he was not a prisoner at the time of the assault and thus could not be guilty of assault by a prisoner because he was "not in custody of a peace officer pursuant to a lawful arrest." [4]

The State counters defendant's challenge on procedural grounds, asserting that defendant's failure to preserve this issue before the trial court precludes our consideration of the issue on appeal. We agree.

It is well established that "appellate courts will not consider an issue, including a constitutional argument, raised for the first time on appeal unless the trial court committed plain error or the case involves exceptional circumstances." *State v. Brown,* 856 P.2d 358, 359 (Utah App.1993); *accord State v. Brown,* 853 P.2d 851, 853–54 (Utah 1992). Therefore, to ensure the trial court's opportunity to consider an issue, appellate review of criminal cases in Utah requires that " 'some form of *specific* preservation of claims of error must be made a part of the trial court record before an appellate court will review such claim on appeal.' " *State v.*

---

1. The escape charge was dismissed pursuant to defendant's motion.

2. "Any prisoner who commits assault, intending to cause bodily injury, is guilty of a felony of the third degree." Utah Code Ann. § 76–5–102.5 (1990).

3. "Any person who assaults a peace officer, with knowledge that he [or she] is a peace officer, and when the peace officer is acting within the scope

of his [or her] authority as a peace officer, is guilty of a class A misdemeanor." Utah Code Ann. § 76–5–102.4 (1990).

4. Section 76–5–101 defines a prisoner as "any person who is in custody of a peace officer pursuant to a lawful arrest or who is confined in a jail or other penal institution regardless of whether the confinement is legal." Utah Code Ann. § 76–5–101 (1990).

*Rangel,* 866 P.2d 607, 611 (Utah App.1993) (quoting *State v. Johnson,* 774 P.2d 1141, 1144 (Utah 1989)); *accord State v. Tillman,* 750 P.2d 546, 551 (Utah 1987).

At trial, defendant did not argue he was not a prisoner because he was not in custody at the time of the assault. Indeed, defendant concedes in his brief that he did not raise this issue below.[5] Additionally, at no time did defendant argue before the trial court that he should be found guilty of the lesser included offense of assault against a peace officer. Defendant did not request an instruction on the offense of assault against a peace officer and did not object to the jury instructions that were given.[6] *See Jenkins v. Weis,* 868 P.2d 1374, 1379 (Utah App.1994) (failing to object below to jury instruction bars consideration of issue on appeal).

 Furthermore, the facts of this case do not warrant an exception for plain error. "A finding by the court of plain error requires that the error be obvious and harmful." *State v. Gotschall,* 782 P.2d 459, 463 (Utah 1989); *accord State v. Eldredge,* 773 P.2d 29, 35 (Utah 1989). It is difficult to see how any such error could have been obvious. Based on the facts before it, the trial court could properly have determined that defendant was in custody pursuant to a lawful arrest at the time of the assault. Accordingly, because the issue was not properly preserved and we do not find plain error, we decline to consider this issue for the first time on appeal.[7]

## II. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that the evidence was insufficient to support his conviction. He claims the State did not prove beyond a reasonable doubt that he was guilty of assault by a prisoner because the evidence did not establish that he was in custody pursuant to an arrest at the time of the assault.

 In challenging the sufficiency of the evidence, defendant carries a heavy burden. Defendant "must 'marshal all evidence *supporting* the jury's verdict and must then show how this marshaled evidence is insuffi-

---

5. In his brief defendant acknowledges that plain error must have been committed to overturn the conviction, stating: "Under the plain error rule, this Court should hold as a matter of law that Pilling, not being in Watkins'[s] custody at the time of the assault and thus not a 'prisoner' as defined under section 76–5–101, could not be convicted of assault by a prisoner." In a footnote, defendant then cites to *State v. Eldredge,* 773 P.2d 29, 35–36 (Utah), *cert. denied,* 493 U.S. 814, 110 S.Ct. 62, 107 L.Ed.2d 29 (1989), for the proposition that "plain error is one that results in reversal because, although not properly preserved for appeal, the appellate courts [sic] finds it harmful and its erroneous character should have been obvious to the trial court." This is the extent of defendant's plain error analysis.

6. In arguing counsel should have requested an instruction on the lesser offense of assault against a peace officer, defendant has not raised ineffective assistance of counsel as a basis for reversal.

7. Moreover, even if we were to reach the merits of this argument, we would still affirm. Both the words and actions of the police placed defendant under their physical and psychological control; thus he was in custody at the time of the assault. *Cf. State v. Martinez,* 595 P.2d 897, 899 (Utah 1979) (defining custody in context of police interrogations as existing "when any words or action of the police can reasonably be construed as placing the subject under some substantial physical or psychological control or restraint"). Further, defendant was in custody pursuant to a lawful arrest. The officers repeatedly informed him that he was under arrest, restrained him physically, and attempted to handcuff him. *See Salt Lake City v. Carner,* 664 P.2d 1168, 1171 (Utah 1983) (including readied handcuffs as an indicia of arrest); *see also State v. Cole,* 172 Ariz. 590, 838 P.2d 1351, 1353 (Ct.App.1992) (holding defendant was under arrest and therefore in custody when officers informed him he was under arrest and physically restrained him, for purposes of escape charge); *State v. Solis,* 38 Wash. App. 484, 685 P.2d 672, 674 (Ct.App.1984) (holding defendant's arrest was effectuated when officer restrained defendant and informed him of arrest). An officer need not successfully handcuff a defendant in order for custody to exist. *See State v. Nakoa,* 72 Haw. 360, 817 P.2d 1060, 1063–64 (1991) (holding defendant was in custody for purpose of escape statute although he had not been handcuffed; the evidence indicated defendant had submitted to control of police officer because officers advised him he was under arrest, to which he responded "yeah, yeah," and instructed him to place hands on wall and spread legs). Therefore, because he was in custody pursuant to a lawful arrest, defendant was a prisoner within the meaning of section 76–5–101 and consequently could be convicted under section 76–5–102.5 of assault by a prisoner.

cient to support the verdict even when viewed in the light most favorable to the verdict.'" *State v. Scheel*, 823 P.2d 470, 472 (Utah App.1991) (quoting *State v. Perdue*, 813 P.2d 1201, 1207 (Utah App.1991)); *accord Cambelt Int'l Corp. v. Dalton*, 745 P.2d 1239, 1242 (Utah 1987).

■ Defendant fails to meet this burden. Although he acknowledges the marshaling requirement in his brief, he wholly fails to marshal the evidence supporting the jury's verdict and likewise fails to show how it is insufficient to support the verdict. Instead, defendant claims only that "[a]ccording to Watkins, Pilling was not in their custody at the time he struck Watkins because the officers were still attempting to place him in their custody." However, this statement mischaracterizes Officer Watkins's testimony and is contrary to the record. Officer Watkins did not testify that he had not effectuated the arrest or that he had not taken defendant into custody at the time of the assault.

■ Furthermore, defendant fails to address key evidence that supports the conclusion that he was in custody at the time of the assault and has "'left it to the court to sort out what evidence actually supported the findings.'" *Scheel*, 823 P.2d at 473 (quoting *Heinecke v. Department of Commerce*, 810 P.2d 459, 464 (Utah App.1991)). Therefore, it is inappropriate for us to entertain the merits of defendant's argument on this issue because he "has not marshaled the evidence supporting his conviction, much less demonstrated why this evidence is so inconclusive that a reasonable jury could not have convicted him." *Id.*[8]

## CONCLUSION

Defendant has not preserved for appeal the issue of whether he was a prisoner at the time of the assault, and we find no plain

error. Furthermore, in challenging the sufficiency of the evidence, defendant fails to meet his burden to marshal the evidence. Accordingly, we affirm defendant's conviction for assault by a prisoner.

DAVIS and GREENWOOD, JJ., concur.

---

8. However, even if we were to consider the issue on the merits, the result would not differ. The record is replete with evidence upon which a reasonable jury could have convicted defendant of assault by a prisoner. Defendant admits he assaulted Officer Watkins, and the element of intent is likewise not at issue. Additionally, as previously discussed, defendant was a prisoner. At trial, Officer Watkins testified that he advised defendant three times that he was under arrest,

with the third time occurring after the officers had physically restrained him. Officer Watkins also testified that defendant submitted to custody by putting his hands behind his back and saying, "Okay. Okay. I'm under arrest." Further, both officers physically restrained defendant while Officer Wood attempted to handcuff him. Indeed, our review of the record does not reveal any evidence which tends to indicate that defendant was *not* a prisoner at the time of the assault.