The STATE of Utah, Plaintiff and Respondent,

v.

Lawrence J. SORENSEN, Defendant and Appellant.

No. 17735.

Supreme Court of Utah.

Dec. 21, 1981.

---

Nancy Bergeson, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

After his first conviction for theft was reversed for trial errors, *State v. Sorensen*, Utah, 617 P.2d 333 (1980), defendant was re-tried and a jury again convicted him of theft. Defendant concedes that the second trial was free from error. His sole argument on this appeal is that the second sentence was illegal.

In *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court held that due process of law requires that a defendant be freed from the apprehension that if he appeals his conviction successfully and is then convicted at a second trial the trial judge can retaliate by giving him an increased sentence. Consequently, the Court held, the sentence imposed after re-trial cannot be more severe than the original sentence, unless the reason for the increased sentence, based on identifiable conduct by the defendant following the original trial, appears in the record.

In 1973, our Legislature implemented that requirement in a more stringent fashion that allows for no exceptions. So far as pertinent to this appeal, U.C.A., 1953, § 76–3–405 provides that where a conviction has been set aside on direct review, "the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence . . . ." In *Chess v. Smith*, Utah, 617 P.2d 341, 343 (1980), we held that section 76–3–405 also prevents the Utah constitutional right to appeal (Article VIII, § 9) from being impaired "by imposing on a defendant who demonstrates the error of his conviction the risk that he may be penalized with a harsher sentence for having done so."

Following his first conviction, defendant was sentenced to 1 to 15 years in the penitentiary, but execution of that sentence was stayed and he was placed on two years' probation on the condition that he serve six months in the Salt Lake County jail and pay full restitution (approximately $45,000). After his second conviction, defendant was sentenced on May 5, 1981, to 1 to 15 years. No restitution was required, but service of sentence was ordered to begin without delay. By December 18, 1981, when this case

was submitted for decision by this Court, defendant had been confined for more than the six months he would have served under the first sentence.

Defendant argues that he is entitled to be resentenced to not more than six months, which would result in his immediate release. The state argues that the second sentence is not "more severe" so long as it gives credit in its maximum term for time already served under the first sentence (none, in this case) and so long as the combination of elements in the second sentence does not outweigh the combination in the original sentence. We find the state's arguments unpersuasive.

 In the context of the due process requirement of *North Carolina v. Pearce, supra,* which seeks to assure that there is no chilling or deterring of the criminal defendant's exercise of his basic constitutional right to appeal, and in light of the Utah constitutional constraint against impairing the right to appeal, as articulated in *Chess v. Smith, supra,* we think the meaning of our statutory prohibition against a "more severe" second sentence is clear. The second sentence cannot exceed the first in appearance or effect, in the number of its elements, U.C.A., 1953, § 76–3–201, or in their magnitude. This means that no new element of sentence can be added and that no element can be augmented in magnitude. It also precludes justifying an increase in one element of a sentence by reference to a decrease in another element (in this case, elimination of restitution while increasing actual time to be served). This is because the possibility of such a tradeoff could act as a deterrent to appeal by an individual defendant.

Because the increase in time of commitment made the second sentence in this case more severe than the first, the sentence was contrary to section 76–3–405, and also invalid as impairing the constitutional right to appeal as explained in *Chess v. Smith, supra.* Because the record contains no reason for the increased sentence, it is also contrary to the due process requirement articulated in *North Carolina v.*

*Pearce, supra.* The sentence is therefore vacated and the case is remanded for resentencing in conformity with section 76–3–405, as construed in this opinion. Although that statute requires the court to deduct "the portions of the prior sentence previously satisfied," which would include *time served* under the second sentence, in imposing its third sentence the court need not be constrained by the *terms* of the invalid second sentence. The sentencing court need only assure that the sentence it now imposes is no more severe than the first sentence.

In view of the special circumstances of this case, the remittitur of this Court will issue instanter, notwithstanding the normal rule of Utah R.Civ.P. 76(d).

*So ordered.*

HALL, C. J., STEWART and HOWE, JJ., and CHRISTINE DURHAM, District Judge, concur.