**STATE of Utah, Plaintiff and Appellee,**

v.

**William H. BABBEL, Defendant and Appellant.**

No. 890165.

Supreme Court of Utah.

March 29, 1991.

Rehearing Denied July 23, 1991.

R. Paul Van Dam, Barbara Bearnson, Salt Lake City, for plaintiff and appellee.

William H. Babbel, Salt Lake City, pro se.

STEWART, Justice:

On a prior appeal, this Court affirmed William H. Babbel's convictions for aggravated sexual assault and aggravated kidnaping but vacated his original sentences because they did not conform to the statutory punishments for the offenses for which he was convicted. *See State v. Babbel,* 770 P.2d 987, 994 (Utah 1989) (*Babbel I*). Babbel was subsequently sentenced to three concurrent minimum mandatory terms of ten years to life. He now appeals from the imposition of those sentences.

Babbel was initially convicted of two counts of aggravated sexual assault in violation of Utah Code Ann. § 76–5–405 (Supp. 1985) and one count of aggravated kidnaping in violation of Utah Code Ann. § 76–5–302 (Supp.1985). Each statute provided that the crime described was a felony of the first degree punishable by imprisonment in the state prison for a minimum mandatory term "of 5, 10, or 15 years and which may be for life." Nevertheless, the trial judge sentenced Babbel to three indeterminate terms of five years to life, with two of the terms running concurrently and a third term running consecutively. The error in sentencing occurred because both the defense attorney and the prosecutor indicated to the judge that a minimum mandatory term was inapplicable.

Babbel appealed his conviction to this Court. Although the State sought no relief on appeal, it asserted at oral argument that Babbel's sentences were unlawful. This Court affirmed Babbel's convictions but vacated his sentences and remanded for resentencing because of the clear error in the original sentences. *See* 770 P.2d at 994.

On remand, minimum mandatory sentences were imposed pursuant to Utah Code Ann. § 76–3–201(5) (Supp.1985). That provision stated: "If a statute under which the defendant was convicted mandates that one of three stated minimum terms must

be imposed, the court shall order imposition of the term of middle severity unless there are circumstances in aggravation or mitigation of the crime." The State offered no aggravating circumstances, and the trial judge ruled that he could not consider the mitigating circumstances offered by Babbel and sentenced Babbel to three concurrent minimum mandatory terms of ten years to life. Babbel now argues that the imposition of the new, more severe sentences violates Utah statutory law and the double jeopardy clauses of the state and federal constitutions.

The sentences first imposed were illegal because the trial court treated the convictions as if they were for ordinary first degree felonies. However, in 1983 the Legislature made the usual first degree sentences inapplicable to the crimes involved here and instead required minimum mandatory sentences.[1] *See* 770 P.2d at 993. Babbel's resentencing occurred March 24, 1989, under the authority of Utah Code Ann. § 77–35–22(e) (Supp.1981), which provided that the trial court could "correct an illegal sentence, or a sentence imposed in an illegal manner, at any time."[2]

### UTAH CODE ANN. § 76–3–405

■ Babbel argues that Utah Code Ann. § 76–3–405 (1978) is a limitation on the trial court's authority under § 77–35–22(e) to correct an illegal sentence at any time. Section 76–3–405 provides:

Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied.

That statute was intended to protect the right of a criminal defendant to appeal, not to prevent the correction of a sentence unlawfully imposed.[3] When a criminal defendant successfully appeals a conviction or sentence, § 76–3–405 prohibits the imposition of a new and harsher sentence based on the same conduct. This result is appropriate because federal "[d]ue process of law ... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969).

In *State v. Sorensen*, 639 P.2d 179, 181 (Utah 1981), this Court held that federal due process prohibits a harsher sentence from being imposed in a second trial for the same offense after a reversal of the first conviction. That constitutional policy is particularly compelling in this state because there are two explicit state constitutional rights of a criminal defendant to appeal, Article I, section 12 of the Declaration of Rights in the Utah Constitution and Article VIII, section 5. A defendant's constitutional right to appeal is further pro-

---

1. The State incorrectly argues that the trial judge erred in imposing the initial sentences because Utah Code Ann. § 76–3–406(1) (Supp. 1985) "prohibits the court from shortening in any way the minimum mandatory term." Section 76–3–406(1) provided that, with certain exceptions, "the court shall not enter a judgment for a lower category of offense ... the effect of which would in any way shorten the prison sentence for any person who commits" certain *first degree felonies involving minimum manda*tory sentences. All first degree felonies are defined as a single category of offense. *See* Utah Code Ann. § 76–3–103 (1978). Because the sentences of five years to life initially given by the trial judge were valid sentences for first degree felonies, *see* Utah Code Ann. § 76–3–203(1) (Supp.1985), the court did not "enter a judgment for a lower category of of-

fense." Rather, the sentences were illegal because they did not comply with the requirements of §§ 76–5–405 and 76–5–302.

2. Chapter 35 of Title 77 was repealed effective July 1, 1990. *See* 1989 Utah Laws 187, § 15. Most of Chapter 35, including § 77–35–22(e), was adopted by this Court in the Utah Rules of Criminal Procedure, effective January 1, 1989. Rule 22(e) of the Utah Rules of Criminal Procedure employs the same language as former § 77–35–22(e).

3. Compare *State v. Lorrah*, 761 P.2d 1388, 1389–90 (Utah 1988), in which the Court upheld the correction of a clerical error in the sentence, although the corrected sentence was harsher than the original sentence.

tected by § 76–3–405. The purpose behind these provisions is to prevent the chilling effect on the constitutional right to appeal which the possibility of a harsher sentence would have on a defendant who might be able to demonstrate reversible error in his conviction. This Court has stated:

> The purpose of an appeal is to promote justice by ferreting out erroneous judgments. That purpose is not promoted by imposing on a defendant who demonstrates the error of his conviction the risk that he may be penalized with a harsher sentence for having done so. An erroneous judgment of conviction is as much an affront to society's interest in the fair administration of justice as it is to an individual's rights.

*Chess v. Smith,* 617 P.2d 341, 343 (Utah 1980). The same rationale applies to a criminal defendant's right to appeal under both Article I, section 12 and Article VIII, section 5.

Nevertheless, the principles underlying *Sorensen, Chess, Pearce,* and § 76–3–405 have no application in this case. The correction of an illegal sentence stands on a different footing from the correction of an error in a conviction. First, a defendant is not likely to appeal a sentence that is unlawfully lenient, and there is, therefore, minimal chilling effect on the right to appeal. Second, § 77–35–22(e) specifically provides that because an illegal sentence is void, a trial court may correct an illegal sentence at any time. This Court has previously recognized the continuing jurisdiction of a trial court to correct an illegal sentence. In *State v. Lee Lim,* 79 Utah 68, 74, 7 P.2d 825, 827 (1932), we stated that because an unlawful sentence was void, it created no rights and neither impaired nor affected any right. Because the sentence was unlawful, the jurisdiction of the district court in *Lee Lim* continued until a valid sentence was imposed. Although this Court vacated Babbel's original sentences on appeal of his convictions, it simply recognized in effect the clear power of the trial court to correct an illegal sentence, irrespective of the appeal. The trial court has this power at any time, whether before or after an appeal, and even if there is no appeal.

The law stated in *Lee Lim* is consistent with the law followed in most states. "The rule followed by most jurisdictions is that an unlawful sentence is of no legal effect, allowing the court to correct the sentence by imposing lawful terms at any time the illegality is discovered, regardless of whether the correction involves an increase...." Annotation, *Power of Court to Increase Severity of Unlawful Sentence—Modern Status,* 28 A.L.R.4th 147, 152 (1984). Nevertheless, we acknowledge that "[t]here may be circumstances under which even a corrected illegal sentence may be fundamentally unfair, thus violative of due process." *State v. Delmondo,* 67 Haw. 531, 534, 696 P.2d 344, 346 (1985). This, however, is not such a case.

## DOUBLE JEOPARDY

■ Defendant argues that the imposition of a harsher sentence is a violation of the double jeopardy clauses of the federal and state constitutions and is also a violation of the double jeopardy provision of Utah Code Ann. § 77–1–6(2)(a) (1982). Because defendant has not briefed the state constitutional issue, our analysis proceeds under cases construing the double jeopardy clause of the federal constitution.

The law is well established that the double jeopardy clause does not prohibit the correction of an inadvertently illegally imposed sentence. In *Bozza v. United States,* 330 U.S. 160, 166, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947), the United States Supreme Court stated: "This Court has rejected the 'doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence.'" (Quoting *In re Bonner,* 151 U.S. 242, 260, 14 S.Ct. 323, 327, 38 L.Ed. 149 (1894).) *See also Stuckey v. Stynchcombe,* 614 F.2d 75 (5th Cir. 1980); *Llerena v. United States,* 508 F.2d 78, 80–81 (5th Cir.1975); *State v. Price,* 715 P.2d 1183, 1186 (Alaska Ct.App.1986); *People v. District Court,* 711 P.2d 666, 669 (Colo.1985); *State v. Delmondo,* 67 Haw. 531, 532, 696 P.2d 344, 345 (1985).

Indeed, *United States v. DiFrancesco,* 449 U.S. 117, 136, 101 S.Ct. 426, 437, 66

L.Ed.2d 328 (1980), sustained the federal government's statutory right to appeal a sentence on the ground that the policies underlying the double jeopardy clause are not offended by such a procedure. 449 U.S. at 136, 101 S.Ct. at 437. The Court also held in *DiFrancesco* that the increased punishment which could be imposed by an appellate court on review did not constitute multiple punishment in violation of the double jeopardy clause. *See id.* at 137, 101 S.Ct. at 437–38.

This Court's opinion in *State v. Lee Lim*, 79 Utah 68, 7 P.2d 825 (1932), turned on the principle that correction of an illegal sentence does not violate the double jeopardy clause and held that a trial court had jurisdiction to correct an illegal sentence. Although the question of double jeopardy was not directly at issue, the Court, quoting *Bryant v. United States*, 214 F. 51, 53 (8th Cir.1914), stated: " 'It is well settled that it is not double jeopardy to resentence a prisoner who had his first sentence vacated by writ of error....' " 79 Utah at 80, 7 P.2d at 829.

Affirmed.

HALL, C.J., HOWE, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.