2000 UT App 322

**STATE of Utah, Plaintiff and Appellee,**

**v.**

**Jacob KENISON, Defendant and Appellant.**

**No. 20000152–CA.**

Court of Appeals of Utah.

Nov. 16, 2000.

Walter F. Bugden and Tara L. Isaacson, Bugden, Collins & Morton, Salt Lake City, for Appellant.

Jan Graham, Atty. Gen. and Kenneth A. Bronston, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before Judges BENCH, BILLINGS, and DAVIS.

## OPINION

BILLINGS, Judge:

¶1 Defendant-appellant Jacob Kenison appeals his sentence for two counts of felony criminal mischief. Defendant claims the third degree felony convictions should be reduced to class A misdemeanors, and his punishment reduced accordingly. We reverse and remand.

## BACKGROUND

¶2 Defendant entered onto two mink farms and released mink. He was charged on May 11, 1998 with the two counts of criminal mischief at issue in this appeal.

¶3 Prior to May 4, 1998, Utah's criminal mischief statute provided that "[a] person commits criminal mischief if the person ... intentionally damages, defaces, or destroys the property of another." Utah Code Ann. § 76–6–106(1)(c) (Supp.1997). The code provided that a violation of subsection (1)(c) was a "felony of the third degree if the actor's conduct causes or is intended to cause loss equal to or greater than $1,000 but less than $5,000." *Id.* § 76–6–106(2)(c)(ii). Effective May 4, 1998, one week before defendant was charged, the criminal mischief statute was amended. The amendment provided: "A violation of subsection 1(b) *or (c)* [of section 76–6–106] is a class A misdemeanor." Utah Code Ann. § 76–6–106(2)(b) (1998) (emphasis added). Thus, the penalty for criminal mischief under which defendant was charged had been reduced from a felony to a class A misdemeanor.

¶4 On October 28, 1998, pursuant to a plea bargain, defendant pleaded guilty to two counts of criminal mischief as third degree felonies. On December 7, 1998, the trial court sentenced defendant to not more than five years in prison on each count, but suspended his incarceration, ordering instead that defendant be confined to the Salt Lake County jail for nine months and that he then be placed on probation for 36 months.

¶5 Effective May 3, 1999, section 76–6–106 was once again amended: the words "or (c)" in subsection (2)(b) were excised, restoring the statute to its pre-May 4, 1998 version. *See* Utah Code Ann. § 76–6–106(2)(b) (1999). Thus, the criminal mischief for which defendant was convicted again became a third degree felony.

¶6 On January 18, 2000, the trial court found defendant had violated his probation and sentenced him to up to five years in prison. Defendant filed a motion to correct an illegal sentence, claiming that his crimes, at the time he was charged and originally sentenced, were misdemeanors rather than

felonies and that a prison sentence was therefore an improper punishment. The trial court denied the motion. This appeal followed.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 7 At issue is whether the trial court erred in sentencing defendant for third degree felonies. This case presents a question of law, which " '[w]e review ... for correctness, according no deference to the trial court's conclusions.' " *State v. Patience*, 944 P.2d 381, 384–85 (Utah Ct.App.1997) (quoting *State v. Yates*, 918 P.2d 136, 138 (Utah Ct.App.1996)).

## ANALYSIS

■ ¶ 8 Defendant argues he is entitled to the benefits of the reduction in penalty from a felony to a misdemeanor because the statutory amendment lowering the penalty occurred after the commission of the offenses but prior to his sentencing. Utah's appellate courts have repeatedly applied the rule of lenity, which provides that a defendant is "entitled to the benefit of the lesser penalty afforded by an amended statute made effective prior to sentencing." *State v. Yates*, 918 P.2d 136, 138 (Utah Ct.App.1996); *see State v. Tapp*, 26 Utah 2d 392, 395, 490 P.2d 334, 336 (1971); *Belt v. Turner*, 25 Utah 2d 230, 232, 479 P.2d 791, 792–93 (1971); *Patience*, 944 P.2d at 385.

¶ 9 The State and defendant agree that the lesser penalty was in effect at the time defendant was sentenced. However, the State argues that the rule of lenity, requiring sentencing under the less severe penalty, should not apply to defendant's sentence because the rule is based on the assumption that statutory amendments are conscious legislative decisions. The State argues the May 1998 amendment to section 76–6–106 at issue here was an inadvertent computer error and thus the rule of lenity should not apply. The State claims that the legislative floor debates on the 1999 amendment reveal that the 1998 amendment, adding the words "or (c)" to

subsection 2(b), thus making a violation of (c) a misdemeanor, was a typographic error. Representative Bryan Holladay, the sponsor of the legislation which again made criminal mischief a third degree felony, stated:

> This is a very simple correction of a bill we worked on last year.... Apparently there was a change ... and then "or (c)" was put in there. That takes that away from being a more serious offense.... We don't really know where this took place and so we think we can effectively blame the computers. It was never designed this way and the original law was not set up this way.

Floor debates, H.B. 15, 53d Leg. (Utah 1999). Thus, the State argues, the Legislature acknowledged that it had not made a conscious decision to amend the criminal mischief statute, and therefore the policies behind the rule of lenity do not apply to defendant's case.

■ ¶ 10 Although the exact question presented here—whether in the case of an apparent legislative computer or typographic error, the defendant is still entitled to the lesser penalty—is one of first impression, we conclude the rule of lenity, as set out in our previous cases, applies. " '[W]here the statutory language is plain and unambiguous, we do not look beyond the language's plain meaning to divine legislative intent.' " *State v. Tryba*, 2000 UT App 230, ¶ 13, 8 P.3d 274 (quoting *Horton v. Royal Order of the Sun*, 821 P.2d 1167, 1168 (Utah 1991)). "Only when we find ambiguity in the statute's plain language need we seek guidance from the legislative history and relevant policy considerations." *Nelson v. Salt Lake County*, 905 P.2d 872, 875 (Utah 1995). In this case, the plain language of the statute at the time defendant was sentenced made his crimes misdemeanors. Whether or not the amendments were the result of an inadvertent legislative error,[1] we decline to establish an exception to the rule of lenity. To do so, as the State requests, would lead this court to look behind the plain language of a legislative enactment to divine secret legislative intent.

---

1. Contrary to the State's argument, the reasons for the amendments do not seem clear to us from the statements made during the floor debates.

¶ 11   Our refusal to grant an exception to the rule of lenity is supported by established case law.   In *Patience,* the defendant was charged with three counts of forgery, which at the time was a second degree felony.   *See Patience,* 944 P.2d at 383.   After the defendant was charged, the forgery statute was amended, making forgery a third degree felony and attempted forgery a class A misdemeanor.   *See id.*   However, the parties and trial court were unaware of the amendments, and the defendant subsequently pleaded guilty to and was sentenced for "three counts of attempted forgery, third degree felonies." *Id.*

¶ 12   Despite the mutual mistake, this court refused to make an exception to the rule of lenity, stating: "[D]efendants are entitled to the benefit of the lesser penalty afforded by an amended statute made effective prior to their sentencing."   *Id.* at 385 (citations omitted).   Accordingly, this court ordered the trial court to resentence the defendant pursuant to the amended, less severe statute.   *See id.* at 388.

¶ 13   Similarly, in *State v. Yates,* this court applied the rule of lenity even when the defendant's own misconduct resulted in his sentencing being delayed beyond the effective date of the statutory amendments, reducing the penalty for his crime.   *See Yates,* 918 P.2d at 140.

### CONCLUSION

¶ 14   Under the plain language of the statute in effect at the time of sentencing and Utah case law, the trial court should have sentenced defendant for misdemeanors.   We therefore reverse and remand for resentencing.

¶ 15   WE CONCUR: RUSSELL W. BENCH, Judge, JAMES Z. DAVIS, Judge.