2002 UT App 384

**STATE of Utah, Plaintiff and Appellee,**

v.

**Manuel Ernesto SAMORA, Defendant and Appellant.**

No. 20010988–CA.

Court of Appeals of Utah.

Nov. 15, 2002.

Joan C. Watt and John K. West, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Jeanne B. Inouye, Assistant Attorney General, for Appellee.

Before Judges JACKSON, BENCH, and GREENWOOD.

## OPINION

### GREENWOOD, Judge:

¶ 1 Manuel Ernesto Samora (Defendant) appeals from a sentence for attempted joyriding with intent to temporarily deprive owner, a class A misdemeanor, in violation of Utah Code Ann. § 41–1a–1314 (1998) and Utah Code Ann. § 76–4–101 (1999). Defendant argues that the trial judge erred in imposing a harsher sentence following reversal of his original sentence on appeal. We vacate Defendant's sentence and remand.

## BACKGROUND

¶ 2 On August 8, 2000, Defendant pleaded guilty to attempted unlawful control of a motor vehicle with intent to temporarily deprive owner. As part of his plea agreement with the State, Defendant agreed to pay restitution to the victim. The trial court accepted Defendant's guilty plea and agreed to release him on his own recognizance pending sentencing. The trial court set sentencing for September 22, 2000, in front of a different trial judge. When Defendant failed to appear for his September 22 sentencing, the trial court sentenced him in absentia to the statutory maximum one-year sentence, imposed a fine of $2500, a surcharge, and attorney fees. The trial court did not impose restitution.

¶ 3 Defendant appealed his sentence in absentia, claiming it violated due process and Rule 22(a) of the Utah Rules of Criminal Procedure. On September 7, 2001, this court in a per curiam opinion vacated Defendant's sentence and remanded his case for resentencing in accordance with *State v. Wanosik*, 2001 UT App 241, 31 P.3d 615, *cert. granted*, 42 P.3d 951 (Utah 2002).[1]

¶ 4 On November 16, 2001, Defendant appeared for resentencing before the judge who previously sentenced him. During resentencing, defense counsel requested that the trial court waive or substantially reduce Defendant's fine so Defendant could pay the restitution that he originally agreed to as part of the plea negotiation. Defense counsel also requested that Defendant be granted credit for the six months he had served on his sentence awaiting the original appellate disposition.

¶ 5 After taking testimony regarding the restitution amount owing, the trial court resentenced Defendant to the maximum one-year jail term, denying Defendant good-time credit for the six months he had served. The court again imposed the maximum $2500 fine, a surcharge, and attorney fees. In addition, the court ordered that Defendant pay $744.80 in restitution.

¶ 6 Defendant filed a Motion to Reconsider Sentence asking the trial court to reconsider its denial of credit for time served. The trial court granted Defendant's Motion to Reconsider and gave him credit for the time he had served.

## ISSUE AND STANDARD OF REVIEW

¶ 7 Defendant claims the trial court erred by imposing restitution at resentencing when restitution was not imposed as part of Defendant's original sentence. Because sentencing errors involve questions of law, we review for correctness. *See State v. Kenison*, 2000 UT App 322, ¶ 7, 14 P.3d 129.

## ANALYSIS

■ ¶ 8 Defendant argues that the trial court erred when it imposed restitution at resentencing without waiving or substantially reducing the fine Defendant owed. He contends that due process and Utah Code Ann. § 76–3–405 (1999), preclude the imposition of a harsher sentence after a case is reversed on appeal. The State argues that Defendant invited any sentencing error when he declared his obligation to pay restitution. Alternatively, the State asserts that the trial court may increase the penalties upon resentencing when the original sentence was illegal or is based on facts not known to the court at the time of the original sentencing.[2]

---

1. *Wanosik* held that due process and Utah Rule of Criminal Procedure 22(a) require a trial court to conduct adequate inquiry into the actual voluntariness of Defendant's absence before proceeding to sentence in absentia. 2001 UT App 241, ¶ 37–38, 31 P.3d 615.

2. The burden is on the State to establish that Defendant's harsher sentence did not violate the

¶ 9 In *North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969), the Supreme Court held that when resentencing a defendant, due process prevents the sentencing judge from increasing the sentence when that increase is motivated by vindictiveness. To free defendants from the apprehension of such a retaliatory motivation, the Supreme Court held that "whenever a judge imposes a more severe sentence upon a defendant," the reasons must affirmatively appear on the record and "be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.* at 766, 89 S.Ct. at 2081. *But see Texas v. McCullough*, 475 U.S. 134, 140–42, 106 S.Ct. 976, 980–81 (1986) (stating that language "[r]estricting justifications for a sentence increase to *only* 'events that occurred subsequent to the original proceeding' " was not "intended to describe exhaustively all of the possible circumstances in which a sentence increase could be justified.").

¶ 10 The Utah Code also addresses limitations on resentencing, as follows:

(1) Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied.

(2) This section does not apply when:

(a) the increased sentence is based on facts which were not known to the court at the time of the original sentence, and the court affirmatively places on the record the facts which provide the basis for the increased sentence; ....

Utah Code Ann. § 76–3–405.

¶ 11 In *State v. Sorensen*, 639 P.2d 179, 180 (Utah 1981), the supreme court discussed the requirements of due process and section 76–3–405 in relation to resentencing. The supreme court held that section 76–3–405

prevents the Utah constitutional right to appeal (Article VIII, § 9) from being impaired "by imposing on a defendant who demonstrates the error of his conviction the risk that he may be penalized with a harsher sentence for having done so."

*Id.* (quoting *Chess v. Smith*, 617 P.2d 341, 343 (Utah 1980)).

In the context of the due process requirement of *North Carolina v. Pearce*, [395 U.S. 711, 89 S.Ct. 2072], which seeks to assure that there is no chilling or deterring of the criminal defendant's exercise of his basic constitutional right to appeal, and in light of the Utah constitutional constraint against impairing the right to appeal, as articulated in *Chess v. Smith*, [617 P.2d 341], we think the meaning of our statutory prohibition against a "more severe" second sentence is clear. The second sentence cannot exceed the first in appearance or effect, in the number of its elements, U.C.A., 1953, § 76–3–201, or in their magnitude.

*Sorensen*, 639 P.2d at 181 (alterations in original).

¶ 12 Our supreme court has also observed that section 76–3–405 is "more stringent than the due process protection [and] 'allows for no exceptions.' " *State v. Bakalov*, 1999 UT 45, ¶ 73, 979 P.2d 799 (quoting *Sorensen*, 639 P.2d at 180). Although the State agrees that as a general rule a sentence imposed after a successful appeal cannot be more severe than the prior sentence, it argues that Defendant's case is different because he invited any error by volunteering that he owed restitution.

¶ 13 Defendant acknowledges he did not argue at resentencing that the trial court was precluded from imposing a harsher sentence on resentencing. However, Defendant asserts plain error on appeal. The State counters, and our dissenting colleague agrees, that Defendant invited error by initiating the discussion of restitution and acknowledging that it was owed. Accordingly, the State asserts that a plain error analysis is not available. *See State v. Perdue*, 813 P.2d 1201, 1206 (Utah Ct.App.1991) (stating invit-

requirements of due process and section 76–3–405. *See North Carolina v. Pearce*, 395 U.S. 711,

726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969).

ed error defeats claim of plain error). We have two initial responses. First, as noted in *Wanosik*, rule 22(e) permits this court to consider whether a defendant was illegally sentenced " 'even if the issue is raised for the first time on appeal.' " *State v. Wanosik*, 2001 UT App 241, ¶ 28 n. 11, 31 P.3d 615, *cert. granted*, 42 P.3d 951 (Utah 2002) (quoting *State v. Brooks*, 908 P.2d 856, 860 (Utah 1995)). Second, the colloquy between the trial court and Defendant's counsel lacked sufficient clarity to construe it as an invitation or stipulation for the trial court to violate section 76–3–405.[3]

¶ 14 We acknowledge that Defendant did not provide a plain error analysis in his brief, alluding to it only in the standard of review section, perhaps relying on the proposition stated in *Wanosik* and *Brooks*, that the issue did not need to be preserved in the trial court. As noted in the dissenting opinion, plain error will be found only if the appellant establishes that "(i) an error exists; (ii) the error should have been obvious to the trial court; and (iii) the error is harmful...." *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993). The third factor is clearly established because Defendant received a more harsh sentence on resentencing. We next examine the first factor, whether error occurred, because that analysis is necessary to a plain error evaluation and also necessary if we have jurisdiction under *Wanosik* and *Brooks*. We note that this issue is addressed in Defendant's brief.

■ ¶ 15 We begin our analysis by determining whether the presumption of vindictiveness as described in *Pearce* is applicable. *See Pearce*, 395 U.S. at 725, 89 S.Ct. at 2080; *State v. Babbel*, 813 P.2d 86, 87 (Utah 1991). The State argues that the principles underlying *Pearce* are not applicable in this case because Defendant's original sentence was illegal, and under *Babbel, id.* at 88, an illegal sentence is void and not subject to the sentence protections articulated in *Pearce, Sorensen, Chess,* and section 76–3–405. Howev-

er, we find the State's reliance on *Babbel* to be misplaced.

¶ 16 In *Babbel,* the defendant was sentenced to a term less than the applicable statute's minimum mandatory requirements. 813 P.2d 86. The supreme court concluded that the principles underlying *Pearce, Sorensen, Chess,* and section 76–3–405 did not apply because a defendant is unlikely to appeal a sentence that is unlawfully lenient, so there is a "minimal chilling effect on the right to appeal." *Id.* at 88. Unlike *Babbel,* Defendant's resentencing did not result from an original sentence contrary to statutory minimum mandatory requirements. Rather, Defendant's original sentence was vacated because he was sentenced in absentia. The sentence itself was not illegal, but the manner in which it was imposed was contrary to law. Furthermore, allowing a harsher sentence when the original sentence was imposed in an illegal manner would have a "chilling effect on the right to appeal," *id.,* and impair the Utah Constitution's guaranty of the right to appeal. *See Sorensen,* 639 P.2d at 181. Therefore, because *Babbel* is not applicable, we conclude that the due process discussion in *Pearce, Sorensen,* and *Chess* require us to apply a presumption of vindictiveness. Accordingly, we next consider whether the presumption is successfully rebutted.[4]

■ ¶ 17 During resentencing the following colloquy took place:

> DEFENSE COUNSEL: [Mr. Samora] would like the Court to be aware of some of the things that he's been doing while he's been incarcerated. He served two months in jail before he was sentenced originally on this case and then he served an additional approximately four months, I think, since—
>
> MR. SAMORA: Six. Six months.
>
> DEFENSE COUNSEL: Six months. And it would be—
>
> THE COURT: While you were pursuing the appeal?

---

3. We discuss the colloquy in more detail later in this opinion.

4. The State's brief does not address the *Pearce* presumption of vindictiveness, arguing instead

that because the original sentencing court did not know about restitution agreed to in the plea negotiations, the imposition of restitution at resentencing was necessarily nonretaliatory.

DEFENSE COUNSEL: Yes, your Honor.

THE COURT: Yeah. Well, I mean, the point is, I guess, made.

DEFENSE COUNSEL: [I]t would be my request on behalf of Mr. Samora that the Court do a couple of things. One, that the Court would waive the fine. There is some restitution owing that was part of the negotiation in this case to the victim.... Mr. Samora and the victim in the case had a fairly long-term relationship before this all happened and there was, as part of the negotiation, he's to pay some restitution with respect to that.

We'd ask the Court to—to waive or at least to reduce the fine substantially and—and ask that the Court give him credit for time served on this case.

THE COURT: All right. Thank you....

¶ 18 After receiving the victim's testimony regarding the amount of restitution owed, the trial judge imposed the maximum one-year sentence, $2500 fine, a surcharge, and attorney fees. The court also ordered Defendant to pay $744.80 in restitution, without any reduction in the fine, as Defendant had requested. The trial judge initially denied Defendant's request for credit for the six months he had already served on his one-year sentence, but relented after Defendant filed his Motion to Reconsider Sentence.

¶ 19 The State argues that although Defendant "may have hoped for a reduction in his fine," the record does not indicate that his agreement to pay restitution was conditioned on such a reduction. However, after reading the sentencing proceeding transcript in context, it is apparent that Defendant was asking the trial court to waive or substantially reduce his fine so that Defendant could instead pay restitution. It is unreasonable to believe that Defendant volunteered to assume responsibility for restitution, which if imposed would substantially increase the monetary amount of Defendant's sentence, on the mere hope that his fine would be waived or reduced. Furthermore, given extant case law and section 76–3–405, Defendant was not required to submit to a restitution order as part of resentencing, nor was the trial court empowered to order the same. Given the record we have before us, we

cannot conclude that the presumption of vindictiveness has been rebutted. Therefore, error occurred because Defendant received a harsher sentence after exercising his constitutional right to appeal his original sentence.

¶ 20 The State, however, also argues that Defendant's harsher sentence was appropriate under Utah Code Ann. § 76–3–405(2)(a), which allows for an increased sentence when it is "based on facts which were not known to the court at the time of the original sentence." The State argues that because the trial judge did not review the record, which included Defendant's obligation to pay restitution, before originally sentencing Defendant, the prohibition against a harsher sentence does not apply. We disagree.

¶ 21 The record discloses that restitution was discussed at Defendant's plea hearing. In addition, the record includes the "Statement of Defendant, Certificate of Counsel and Order," signed by Defendant, in which he agrees to pay restitution. The State cannot claim that the facts regarding restitution were unknown at the time of the original sentencing because the trial judge did not review the record before sentencing Defendant. A trial judge, like every other party to a proceeding, is charged with knowledge of what is in the record. Therefore, the trial judge's failure to familiarize himself with the record in this case does not satisfy the lack of knowledge requirement found in section 76–3–405. Furthermore, as noted in the per curiam opinion vacating Defendant's original sentence, the trial court at the original sentencing did not provide an opportunity for Defendant's counsel or the State to provide any information relevant to sentencing. *See State v. Samora*, 2001 UT App 266 (per curiam).

¶ 22 Having concluded that error occurred, we now turn to whether "the error should have been obvious to the trial court." *Dunn*, 850 P.2d at 1208. Section 76–3–405, federal case law, *Bakalov*, and *Sorensen* clearly prohibit a harsher sentence on resentencing absent specific circumstances. The trial court did not address nor specify any basis for deviating from that mandate.

Therefore, the error should have been recognized by the trial court.

## CONCLUSION

¶ 23 We conclude that we have jurisdiction in this case despite Defendant's failure to preserve the issues before the trial court because the trial court illegally imposed sentence in the first sentencing. Alternatively, there was plain error in imposing sentence. Given the record before us, we conclude that the presumption of vindictiveness or retaliation has not been rebutted and Defendant received a harsher sentence on resentencing in derogation of section 76–3–405 and principles of due process. Therefore, we reverse and remand for sentencing in accordance with this opinion. At resentencing, the restitution order must be eliminated, or at Defendant's option and with the trial court's agreement, the fine may be reduced by the amount of restitution.

¶ 24 I CONCUR: NORMAN H. JACKSON, Presiding Judge.

BENCH, Judge (dissenting):

¶ 25 I see this case much differently than do my colleagues.

¶ 26 Judge Robin W. Reese took Defendant's plea. In that proceeding, Defendant agreed to pay restitution to the victim, his former girlfriend. Sentencing was then scheduled before Judge J. Dennis Frederick. When Defendant failed to appear for sentencing, Judge Frederick sentenced him in absentia. No sentencing information was presented at that proceeding, and Judge Frederick imposed the maximum jail time and fine. On the first appeal, this court reversed Defendant's sentence in accordance with *State v. Wanosik*, 2001 UT App 241, 31 P.3d 615, *cert. granted*, 42 P.3d 951 (Utah 2002). We then remanded the case for resentencing.

¶ 27 At the resentencing hearing, Defendant appeared and affirmatively asserted that, under his plea agreement, he owed restitution. He said he owed about $900, maybe "a little higher," although the victim testified that $744.80 would cover her losses. Judge Frederick ordered Defendant to pay the lesser sum in restitution, plus the maximum jail time and fine. Apparently, Defendant had hoped that he would be ordered to pay just the restitution and no fine. Defendant's attorney made the following statement to the court:

> It ... would be my request on behalf of Mr. Samora that the Court do a couple of things. One, that the Court would waive the fine. There is some restitution owing that was part of the negotiation in this case to the victim. They've—Mr. Samora and the victim in the case had a fairly long-term relationship before this all happened and there was, as a part of the negotiation, [an agreement] to pay some restitution with respect to that.

> We'd ask the Court to—to waive or at least to reduce the fine substantially and—and ask that the Court give him credit for time served on this case.

¶ 28 Defendant never claimed below that the imposition of restitution, in addition to the fine, would violate due process or Utah Code Ann. § 76–3–405 (1999). Because Defendant did not raise this issue below, we are precluded from addressing it unless Defendant can demonstrate that exceptional circumstances exist or plain error occurred. *See State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346. On appeal, Defendant mentions plain error in reciting what he believes to be the applicable standard of review, but does not even purport to demonstrate how the trial court *plainly* erred. We, therefore, are precluded from addressing the issue.

¶ 29 We would be precluded from addressing the issue even if Defendant had articulated a plain error argument on appeal. "To establish plain error, an appellant must demonstrate that '(i) an error exists, (ii) the error should have been obvious to the trial court, and (iii) the error is harmful.'" *State v. Pecht*, 2002 UT 41, ¶ 18, 48 P.3d 931 (quoting *State v. Dunn*, 850 P.2d 1201, 1208 (Utah 1993)). Plain error, however, can never be urged when the appellant affirmatively invites the court's ruling. *See State v. Perdue*, 813 P.2d 1201, 1206 (Utah Ct.App.1991) (stating that "where invited error butts up against manifest injustice [or plain error], the

invited error rule prevails"). "The doctrine of invited error 'prohibits a party from setting up an error at trial and then complaining of it on appeal.'" *Id.* at 1205 (citation omitted). Otherwise, a criminal defendant could invite prejudicial error and "implant it in the record as a form of appellate insurance...." *State v. Parsons,* 781 P.2d 1275, 1285 (Utah 1989). In this case, Defendant affirmatively raised the issue of restitution and agreed that restitution was owing. He did not claim that, if restitution were ordered, he had a due process or statutory entitlement to a reduction in the fine. Given how he invited the court to impose restitution, Defendant is now in no position to challenge it on appeal. *See Perdue,* 813 P.2d at 1205.

¶ 30 Even if we could properly reach the merits of Defendant's contention on appeal, the argument fails because the first sentence had no legal effect. At resentencing, the trial court was therefore not limited by the terms of the first sentence. *See State v. Babbel,* 813 P.2d 86, 88 (Utah 1991) (stating that " '[t]he rule followed by most jurisdictions is that an unlawful sentence is of no legal effect, allowing the court to correct the sentence by imposing lawful terms at any time the illegality is discovered, regardless of whether the correction involves an increase' ") (quoting Annotation, *Power of Court to Increase Severity of Unlawful Sentence—Modern Status,* 28 A.L.R.4th 147, 152 (1984)).

¶ 31 The main opinion is wrong in trying to distinguish this case from *Babbel.* In *Babbel,* the Utah Supreme Court cited the statute that preceded rule 22(e) of the Utah Rules of Criminal Procedure for the proposition that the trial court can " 'correct an illegal sentence, or a sentence imposed in an illegal manner, at any time.'" *Babbel,* 813 P.2d at 87 (citation omitted). The supreme court stated that "[t]he correction of an illegal sentence stands on a different footing from the correction of an error in a conviction." *Id.* at 88. Therefore, the court held that "the principles underlying" the cases holding that federal due process prohibits a harsher sentence from being imposed in a second trial for the same offense after a reversal of the first conviction, "have no application [to t]he correction of an illegal sentence." *Id.*

¶ 32 The initial sentence in the present case was illegal because it was improperly imposed in Defendant's absence. That was precisely how the first appeal was argued. When we remanded the case, we expressly noted that the court may correct an illegal sentence at any time. *See State v. Samora,* 2001 UT App 266 at n. 1 (per curiam) (unpublished mem. decision) (referring to Utah R.Crim. P. 22(e)). My colleagues cannot now change course and hold that a sentence imposed contrary to law is not an illegal sentence. Rule 22(e) itself treats equally "an illegal sentence" and "a sentence imposed in an illegal manner." Utah R.Crim. P. 22(e). Because this case involves an illegal sentence, there can be no presumption of vindictiveness as described in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072 (1969). *See Babbel,* 813 P.2d at 87–88. When it resentenced Defendant, the trial court was therefore not limited by the terms of the prior sentence. *See id.; see also Texas v. McCullough,* 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986) (quoting *United States v. Goodwin,* 457 U.S. 368, 374, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), for the proposition that "[n]othing in the Constitution requires a judge to ignore 'objective information ... justifying the increased sentence' ").

¶ 33 Accordingly, I would affirm the sentencing order.