2004 UT 79

**STATE of Utah, Plaintiff and Petitioner,**

v.

**Manuel Ernesto SAMORA, Defendant and Respondent.**

**No. 20021038.**

Supreme Court of Utah.

Sept. 21, 2004.

Mark L. Shurtleff, Att'y Gen., Jeanne B. Inouye, Asst. Att'y Gen., Kevin Murphy, Salt Lake City, for plaintiff.

Joan C. Watt, John K. West, Salt Lake City, for defendant.

DURRANT, Justice:

¶ 1 After pleading guilty to attempted unlawful control of a motor vehicle with intent to temporarily deprive, Defendant Manuel Ernesto Samora was sentenced in absentia to the maximum jail time and ordered to pay the maximum fine the relevant sentencing statute allowed. Due to certain infringements of Defendant's rights that occurred during sentencing, the court of appeals vacated the sentence and remanded for resentencing. On remand, the trial court once again imposed the maximum jail time and fine and also ordered Defendant to pay restitution to

the victim. On appeal from the second sentence, the court of appeals again vacated the sentence, holding that the trial court had improperly imposed a harsher sentence on resentencing. We granted the State's petition for certiorari to review the issue of whether a defendant who has his sentence vacated pursuant to rule 22(e) of the Utah Rules of Criminal Procedure may claim the constitutional and statutory protections that generally preclude the imposition of harsher sentences on resentencing. We affirm.

## BACKGROUND

¶ 2 On April 18, 2000, Defendant Manuel Ernesto Samora was charged with unlawful control of a motor vehicle with the intent to temporarily deprive, a third degree felony. On August 8, 2000, Samora pleaded guilty to attempted unlawful control of a motor vehicle with intent to temporarily deprive, a class A misdemeanor. Apparently as part of the plea agreement, Samora agreed to pay restitution to the victim, his former girlfriend. The trial judge ordered Samora to make an appointment with Adult Probation and Parole in order to prepare a presentence investigation report and informed Samora that a sentencing hearing would be held on September 22, 2000.

¶ 3 Samora failed to appear for both the preparation of the presentence report and for the sentencing hearing. Without conducting any inquiry into Samora's actions, the trial court determined that Samora had voluntarily failed to appear and sentenced him in absentia to the maximum jail time of one year and imposed the maximum fine of $2500. The court did not specifically impose any restitution as part of the order. Samora's counsel did not object.

¶ 4 Samora appealed his sentence to the court of appeals. *State v. Samora,* 2001 UT App 266U, 2001 WL 1021098 (per curiam)(memorandum decision) (*"Samora I "*). While his appeal was pending, Samora was arrested and began serving his one-year sentence. In reviewing the sentence, the court of appeals determined that the trial court had violated Samora's due process

rights and Utah Rule of Criminal Procedure 22(a) because the court had failed to "make an adequate inquiry into the actual voluntariness of Samora's absence," had failed to "provide Samora the opportunity to present information through counsel in mitigation of punishment" or "provide the prosecutor an opportunity to present information relevant to sentencing," and had failed to "base the sentencing decision on relevant and reliable information." *Id.* The court of appeals vacated the sentence and remanded for resentencing. *Id.*

¶ 5 Samora was present for resentencing. At the hearing, he requested that the court reduce or waive his fine so that he would be able to pay the restitution to which he had agreed as part of the plea agreement. Samora also requested that the court give him credit for time served. The trial court again ordered the maximum jail time and fine, just as it had in Samora's first sentence. In addition, the court ordered Samora to pay restitution in the amount of $744.80.[1]

¶ 6 Samora again appealed to the court of appeals, this time arguing that the trial court had inappropriately imposed a harsher sentence on resentencing by ordering restitution in addition to the jail time and fine already imposed in the original sentence. *State v. Samora,* 2002 UT App 384, ¶ 1, 59 P.3d 604 (*"Samora II "*). The court of appeals reversed and remanded, holding that due process and section 76–3–405 of the Utah Code precluded the imposition of a harsher sentence and that the State had failed to meet its burden of establishing that the harsher sentence did not violate the statutory and constitutional protections. *See id.* at ¶ 23.

¶ 7 The State petitioned for certiorari, arguing that because Samora's first sentence was vacated pursuant to rule 22(e) of the Utah Rules of Criminal Procedure, it was void and therefore not subject to the usual constitutional and statutory protections against harsher sentences on resentencing. Therefore the State reasoned that the trial court was not precluded from imposing a

---

1. Although the trial court originally declined to give credit for time served, the court later reconsidered the denial and gave Samora credit. This issue is not on appeal.

harsher sentence on remand. We granted the State's petition to review this issue.

## STANDARD OF REVIEW

¶ 8 The State presents only one issue for certiorari review: "Can a sentence be illegal for purposes of [Utah Rule of Criminal Procedure] 22(e), but nevertheless limit the range of resentencing on remand?"

¶ 9 "On certiorari, we review the decision of the court of appeals, not the decision of the trial court." *State v. Wanosik*, 2003 UT 46, ¶ 9, 79 P.3d 937. The State presents a question of law, which we review for correctness. *Id.*

## ANALYSIS

### I. SAMORA'S INITIAL SENTENCE WAS VACATED PURSUANT TO RULE 22(e)

¶ 10 As a preliminary matter, Samora argues that the issue presented by the State for review "is not well taken since a fair reading of *Samora I* fails to demonstrate that the [c]ourt of [a]ppeals reviewed the illegally imposed sentence pursuant to [r]ule 22(e)." While Samora correctly observes that the *Samora I* court did not specifically articulate the grounds on which it reviewed Samora's sentence, when *Samora I* is read in conjunction with the court of appeals' subsequent opinion in *Samora II*, it is apparent that the sentence was vacated pursuant to rule 22(e).

¶ 11 We observe that in this case Samora's counsel did not object to the initial sentence or to the form of the proceedings during the original sentencing hearing. In the absence of an objection preserving an issue, there are limited grounds on which an appellate court may review the issue for the first time on appeal. *In re Schwenke*, 2004 UT 17, ¶ 34, 89 P.3d 117 (citing *State v. Lopez*, 886 P.2d 1105, 1113 (Utah 1994)). In most cases, the issue may be addressed only if the appellant demonstrates plain error or extraordinary circumstances. *Id.* at ¶ 34 n. 6 (citing *Lopez*, 886 P.2d at 1113). In addition, a court may review an "illegal sentence" or a "sentence imposed in an illegal manner" pur-

suant to rule 22(e), which allows for correction of an illegal sentence "at any time." Utah R.Crim. P. 22(e).

¶ 12 Although Samora argued both plain error and extraordinary circumstances in his appellate brief in *Samora I*, the court of appeals did not specify whether it reached the issue based on plain error or extraordinary circumstances, or pursuant to rule 22(e). Despite this omission, it is clear from a reading of *Samora II* that the sentence was vacated pursuant to rule 22(e). In *Samora II*, the State argued, as it does before this court, that Samora's first sentence was illegal and that "an illegal sentence is void and not subject to [constitutional or statutory] sentence protections." *Samora II*, 2002 UT App 384 at ¶ 15, 59 P.3d 604. In response, the court of appeals stated that "[t]he sentence itself was not illegal, but *the manner in which it was imposed* was contrary to law. Furthermore, allowing a harsher sentence when the original sentence was *imposed in an illegal manner* would have a 'chilling effect on the right to appeal.' " *Id.* at ¶ 16 (emphasis added) (quoting *State v. Babbel*, 813 P.2d 86, 88 (Utah 1991) ("*Babbel II*")). The use of this terminology persuades us that the court of appeals was referring to the types of sentences identified in rule 22(e). *See* Utah R.Crim. P. 22(e) ("The court may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time."). This conclusion is bolstered by the dissent's assertion in *Samora II* that Samora's first sentence was vacated pursuant to rule 22(e). In his dissent, Judge Bench stated that the "initial sentence . . . was illegal because it was improperly imposed in [d]efendant's absence. That was precisely how the first appeal was argued. When we remanded the case, we expressly noted that the court may correct an illegal sentence at any time." *Samora II*, 2002 UT App 384 at ¶ 32 (Bench, J., dissenting) (citing *Samora I*, 2001 UT App 266U at n. 1).

¶ 13 Thus, a fair reading of *Samora I* and *Samora II* indicates that Samora's first sentence was vacated under rule 22(e). Specifically, the sentence was found to have been "imposed in an illegal manner" because the trial court had violated Samora's rights un-

der Utah Rule of Criminal Procedure 22(a) during sentencing. We note that in *State v. Wanosik* we declined to address the narrow issue of whether a rule 22(a) error constitutes an "illegal sentence, or a sentence imposed in an illegal manner" subject to review under rule 22(e) because it was not necessary for us to reach the issue at that time. 2003 UT 46 at ¶ 16 n. 1, 79 P.3d 937. Although we do not address today all types of errors that may qualify for review under rule 22(e), we hold that a sentence imposed in violation of rule 22(a) of the Utah Rules of Criminal Procedure may be considered a "sentence imposed in an illegal manner" under rule 22(e). Accordingly, we will address the issue presented by the State regarding whether sentences vacated pursuant to rule 22(e) may limit a court's discretion on resentencing.

## II. CONSTITUTIONAL AND STATUTORY PROTECTIONS APPLY TO SENTENCES VACATED PURSUANT TO RULE 22(e)

■ ¶ 14 Rule 22(e) of the Utah Rules of Criminal Procedure provides that "[t]he court may correct an illegal sentence, or a sentence imposed in an illegal manner, at any time." Utah R.Crim. P. 22(e). The State argues that the procedures and policies underlying rule 22(e) sentencing error differ from those underlying other sentencing errors. It contends that because "illegal sentences or sentences imposed in an illegal manner" are void, *see State v. Telford,* 2002 UT 51, ¶ 5, 48 P.3d 228 (per curiam) (quoting *State v. Brooks,* 908 P.2d 856, 860 (Utah 1995)); *Babbel II,* 813 P.2d at 88, such sentences should not limit the court's sentencing discretion at resentencing. Consequently, the State argues, the usual constitutional and statutory protections prohibiting harsher sentences on resentencing do not apply · to sentences vacated pursuant to rule 22(e). We disagree.

■ ¶ 15 We have long held that when a defendant successfully has his conviction or sentence set aside on appeal, the court generally cannot impose a harsher sentence on resentencing. Both federal due process and Utah statutory provisions protect against the imposition of a harsher sentence. *See, e.g.,*

*North Carolina v. Pearce,* 395 U.S. 711, 723–24, 89 S.Ct. 2072 (1969); *State v. Sorensen,* 639 P.2d 179, 180–81 (Utah 1981); *Chess v. Smith,* 617 P.2d 341, 343 (1980); Utah Code Ann. § 76–3–405 (2003). The United States Supreme Court first explained this principle in *Pearce,* where it held that, while harsher sentences are not absolutely prohibited by the constitution, due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725, 89 S.Ct. 2072. The Court concluded that

> whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding.

*Id.* at 726, 89 S.Ct. 2072; *see also Sorensen,* 639 P.2d at 180. The *Pearce* Court reasoned that these protections are particularly necessary in order to ensure that there is no chilling of a defendant's basic constitutional right to appeal. 395 U.S. at 724, 89 S.Ct. 2072.

■ ¶ 16 In subsequent cases, the Supreme Court has been careful not to construe *Pearce* too broadly, stating that the *Pearce* presumption of vindictiveness "do[es] not apply in every case where a convicted defendant receives a higher sentence on retrial." *Texas v. McCullough,* 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). The Court has "restricted application of *Pearce* to areas where its objectives are thought most efficaciously served." *Id.* (internal quotations omitted). For example, the "presumption of *Pearce* does not apply in situations where the possibility of vindictiveness is [very] speculative, particularly since the presumption may often operate in the absence of any proof of an improper motive and thus ... block a legitimate response to criminal conduct." *Id.* at 139, 106 S.Ct. 976 (internal quotations omitted).

■ ¶ 17 In addition to these due process protections, the Utah Legislature has enact-

ed Utah Code section 76–3–405, which states as follows:

(1) Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied.

(2) This section does not apply when:

(a) the increased sentence is based on facts which were not known to the court at the time of the original sentence, and the court affirmatively places on the record the facts which provide the basis for the increased sentence; or

(b) a defendant enters into a plea agreement with the prosecution and later successfully moves to invalidate his conviction, in which case the defendant and the prosecution stand in the same position as though the plea bargain, conviction, and sentence had never occurred.

Utah Code Ann. § 76–3–405 (2003).[2] Like the due process protections described in *Pearce*, this statutory provision "prevents the Utah constitutional right to appeal [as contained in article VIII, section 9] from being impaired by imposing on a defendant who demonstrates the error of his conviction [or sentence] the risk that he may be penalized with a harsher sentence for having done so." *Sorensen*, 639 P.2d at 180 (internal quotations omitted); *see also Chess*, 617 P.2d at 343.

¶ 18 Despite these protections, the State argues that sentences held to be "illegal" or "imposed in an illegal manner" pursuant to rule 22(e) should be treated differently. Relying on its reading of *Babbel II*, the State contends that rule 22(e) sentences are void and thus should "not limit the court's sentencing discretion at resentencing."

¶ 19 In *State v. Babbell*, 770 P.2d 987 (Utah 1989) ("*Babbell I* "), the defendant's original sentence was held to be illegal because the court imposed a sentence that was less than the required minimum statutory guideline. *Id.* at 993. In Babbel's initial appeal, this court vacated his sentence "because of the clear error in the original sentence." *Babbel II*, 813 P.2d at 86. On remand, the trial court imposed a sentence that was necessarily harsher than the original sentence in order to comply with the statutory minimums. *Id.* at 86–87. On appeal from the second sentence, Babbel argued that Utah Code section 76–3–405 precluded the trial court from imposing a harsher sentence on remand. *Id.* at 87. We disagreed, stating that

the principles underlying *Sorensen, Chess, Pearce*, and [section] 76–3–405 have no application in this case. The correction of an illegal sentence stands on a different footing from the correction of an error in a conviction. First, a defendant is not likely to appeal a sentence that is unlawfully lenient, and there is, therefore, minimal chilling effect on the right to appeal. Second, [section] 77–35–22(e)[[3]] specifically provides that because an illegal sentence is void, a trial court may correct an illegal sentence at any time. . . . The rule followed by most jurisdictions is that an unlawful sentence is of no legal effect, allowing the court to correct the sentence by imposing lawful terms at any time the illegality is discovered, regardless of whether the correction involves an increase. . . .

*Id.* at 88 (internal quotations and citations omitted).

¶ 20 Based on this language, the State argues that all sentences vacated pursuant to rule 22(e) should be treated equally, whether they are the type of illegal sentence addressed in *Babbel II* or another type of illegal or illegally imposed sentence. The state,

---

**2.** Although we have said that this statute provides more stringent protection than is required by due process and "allows for no exceptions," *Sorensen*, 639 P.2d at 180, this language was originally employed prior to the statute's amendment in 1997, which added the exceptions listed in subsection (2). The provision itself now includes statutorily-created exceptions that, while not identical, closely resemble the due process protections articulated in *Pearce*.

**3.** This statutory provision was the precursor to the current rule 22(e) of the Utah Rules of Criminal Procedure. *See State v. Scheel*, 823 P.2d 470, 474 n. 5 (Utah Ct.App.1991).

however, misconstrues our holding in *Babbel II*. *Babbel II* does not stand for the proposition that the protections afforded by *Pearce, Sorensen*, and section 76–3–405 do not apply to any sentence found to be "illegal" or imposed in an "illegal manner" under rule 22(e). In fact, we acknowledged in *Babbel II* that "there may be circumstances under which even a corrected illegal sentence may be fundamentally unfair, [and] thus violative of due process." *Id.* (internal quotations omitted).

¶ 21 In our analysis in *Babbel II*, we, in effect, followed the approach espoused by the United States Supreme Court in *Texas v. McCullough*, 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). In that case, the Court, in discussing *Pearce*, stated that

[b]eyond doubt, vindictiveness of a sentencing judge is the evil the Court sought to prevent rather than simply enlarged sentences after a new trial. The *Pearce* requirements thus do not apply in every case where a convicted defendant receives a higher sentence on retrial. Like other judicially created means of effectuating the rights secured by the [Constitution], we have restricted application of *Pearce* to areas where its objectives are thought most efficaciously served.

*Id.* (internal quotations and citation omitted). Likewise, with regard to the application of section 76–3–405, where the intent of the statutory protection is to prevent any "chilling effect on the constitutional right to appeal," *Babbel II*, 813 P.2d at 87, the section finds no application where the possibility of such a "chilling effect" is only very speculative or entirely absent.

¶ 22 *Babbel II* was just such a case. On remand, the trial court had only to bring the illegal sentence into compliance with statutory guidelines, a circumstance that presented little likelihood of vindictiveness. Also, as we stated in *Babbel II*, since this was not the type of illegality that was likely to be appealed by the defendant, allowing the harsher

sentence on remand had a "minimal chilling effect on the right to appeal." *Id.* at 88; *see also State v. Lorrah*, 761 P.2d 1388, 1389–90 (Utah 1988) (holding that a clerical error in recording defendant's sentence did not prevent the court from imposing a harsher sentence when correcting the error).

¶ 23 The present case involves an entirely different set of potential concerns. The court of appeals determined that Samora's original sentence had been imposed in an illegal manner because the sentencing court had violated Samora's due process rights and rule 22(a), including the requirement that the defendant be given an opportunity to "present information in mitigation of punishment." *Samora I*, 2001 UT App 266U, 2001 WL 1021098; Utah R.Crim. P. 22(a). If, under those circumstances, the sentencing court were allowed, without hindrance, to impose a harsher sentence on remand, a defendant would likely be discouraged from exercising his right to appeal, or request review of, the illegally imposed sentence. Moreover, harsher sentences should be carefully guarded against where it appears that there is a strong potential for vindictiveness on the part of the trial court.

¶ 24 We note that prohibiting the unrestrained imposition of harsher sentences on defendants under these circumstances is fully consistent with the plain language of section 76–3–405, which applies to convictions or sentences that have been "*set aside* on direct review." Utah Code Ann. § 76–3–405(1) (emphasis added). A sentence found to be "void" under rule 22(e) is no less "set aside" than a sentence that is vacated on the basis of any other sentencing error. Thus, we conclude that the due process protections of *Pearce, Sorensen*, and section 76–3–405 have full application to Samora in this case, and we agree with the court of appeals that the State failed to successfully rebut the presumption of vindictiveness or meet any of the exceptions articulated in section 76–3–405.[4]

4. The State also complains that in a line of cases, including the *Samora I* and *Samora II* decisions, the court of appeals has unduly expanded the scope of rule 22(e) by defining too broadly what constitutes a "sentence imposed in an illegal manner." The State argues that the trend in

recent court of appeals cases has been to "suggest that a sentence is imposed in an illegal manner whenever *any* procedural misstep occurs at sentencing." The State contends that "[t]aken to its logical end, this means that whenever a trial court errs at sentencing, that error can be

## CONCLUSION

¶ 25 We conclude that the protections articulated in *Pearce, Sorensen,* and Utah code section 76–3–405 apply to a defendant who has his sentence vacated pursuant rule 22(e) of the Utah Rules of Criminal Procedure. As this case demonstrates, there are instances where an "illegal sentence" or a "sentence imposed in an illegal manner" may present the same chilling effect on a defendant's basic right to appeal and the potential for vindictiveness at resentencing. Accordingly, we affirm the decision of the court of appeals.

¶ 26 Chief Justice DURHAM, Associate Chief Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Justice DURRANT's opinion.

corrected at any time" and that "[t]his expansive reading of rule 22(e) endangers the finality of all criminal sentences." While we are cognizant of the important policy concerns raised by recent

court of appeals cases on this subject, we have not granted certiorari to review this issue and we decline to address it.