IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100254-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (February 16, 2012) |
| Manuel Ruiz, | ) | |
| | ) | 2012 UT App 42 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 091901992
The Honorable William W. Barrett

Attorneys:     Herschel Bullen, Salt Lake City, for Appellant
                   Mark L. Shurtleff and Christine F. Soltis, Salt Lake City, for Appellee

-----

Before Judges Voros, Orme, and Davis.

ORME, Judge:

¶1     Defendant appeals his conviction and sentencing on two counts of aggravated sexual assault[1] on the ground that the evidence at trial was inherently improbable.  He also argues that he is entitled to be resentenced under the statutes in effect at the time of

---

[1]Defendant was convicted of five charges, but he only appeals his convictions for aggravated sexual assault involving rape or forcible sodomy.

sentencing, and with this contention the State agrees.[2] We decline to disturb the verdict but remand for resentencing.

¶2 Both sides agree that sexual intercourse and sodomy occurred between Defendant and the victim in an upstairs bedroom with minor children present, but the parties disagree over whether the victim consented to the acts. Medical examinations of the victim following the incident indicated that she appeared to be in pain, with tenderness "on the right side of her head, just above her ear" to the base of her neck and extending down her back on her right side. Additionally, she "had tenderness on her upper arm, right forearm, her right outer leg, left knee, lower back and the right scapula." A nurse observed a small laceration on the left inner surface of her labia, as well as a small circular red spot near her anus. According to the nurse who examined the victim soon after the incident, such injuries, while not conclusive, are consistent with rape and forcible sodomy.

¶3 Primarily because of inconsistencies and confusing statements in the victim's testimony, Defendant claims both that the trial court erred in denying his motion for a directed verdict and that there is insufficient evidence to support the verdict. His primary contention is that the evidence presented was inherently improbable and therefore insufficient as a matter of law.

> In criminal cases, our review of a district court's ruling on a motion for directed verdict and of sufficiency of the evidence to support a jury verdict involves basically the same analysis. As to both issues, we review the evidence and all inferences that may reasonably be drawn from it to ensure that there was some basis upon which a reasonable jury could reach a verdict of guilt beyond a reasonable doubt.

---

[2]The State concedes that Defendant is entitled to have his sentences vacated and to be resentenced in accordance with the statutes in effect at the time of his sentencing. The State's concession is consistent with settled Utah law. *See State v. Kenison*, 2000 UT App 322, ¶ 8, 14 P.3d 129 (holding that a defendant is entitled to a lesser penalty afforded by a statute amended between the time of the offense and the time of sentencing).

*State v. Featherhat*, 2011 UT App 154, ¶ 36, 257 P.3d 445 (citations and internal quotation marks omitted). We will not disturb a jury's verdict on a theory of "inherent improbability" unless there are "(1) . . . material inconsistences in the testimony and (2) . . . no other circumstantial or direct evidence of the defendant's guilt." *State v. Robbins*, 2009 UT 23, ¶ 19, 210 P.3d 288. While "the definition of inherently improbable must include circumstances where a witness's testimony is incredibly dubious and, as such, apparently false," *id*. ¶ 18, "[t]he existence of any additional evidence supporting the verdict prevents the judge from reconsidering the witness's credibility," *id*. ¶ 19. "We stress . . . that the court may choose to exercise its discretion to disregard inconsistent witness testimony only when the court is convinced that the credibility of the witness is so weak that no reasonable jury could find the defendant guilty beyond a reasonable doubt." *Id.* ¶ 18.

¶4     This is simply not such a case. The jury may well have concluded that the inconsistencies in the victim's testimony were not a product of fabrication but rather of her language limitations and cognitive impairment. Additionally, the victim exhibited symptoms of memory loss consistent with the blackout she claimed to have suffered during the attack. We defer to the jury's credibility assessments. *See generally State v. Calliham*, 2002 UT 86, ¶ 23, 55 P.3d 573 (stating that the appellate court defers "to the trial court based on the presumption that the trial judge [or jury], having personally observed the quality of the evidence, the tenor of the proceedings, and the demeanor of the parties, is in a better position to perceive the subtleties at issue than we can looking only at the cold record"). The physical evidence tended to support the victim's account, and throughout her preliminary hearing and trial testimony, she never wavered in her insistence that the vaginal and anal intercourse occurred without her consent. All things considered, her testimony was not inherently improbable. Indeed, the scenario that Defendant proposes—that the victim engaged in consensual sexual acts during the course of a burglary and acts of domestic violence[3]—is much less believable than a scenario in which the sexual encounters were nonconsensual.

¶5     Accordingly, we affirm Defendant's convictions of aggravated sexual assault and forcible sodomy. We vacate the sentences on those counts and remand for resentencing

---

[3]The convictions that Defendant does not appeal, *see supra* note 1, are one conviction of burglary and two convictions of domestic violence in the presence of a child.

in accordance with the statutes in effect at the time of Defendant's sentencing.[4]  *See* Utah Code Ann. § 76-5-402(3)(a) (Supp. 2011);[5] *id*. § 76-5-403(4)(a) (2008).


_____
Gregory K. Orme, Judge


-----

¶6     WE CONCUR:


_____
J. Frederic Voros Jr.,
Associate Presiding Judge


_____
James Z. Davis, Judge


_____

[4]Defendant was sentenced under Utah Code section 76-5-405(1)(a), which, at the time of his offenses, defined "aggravated sexual assault" to include rape or forcible sodomy that results in "bodily injury."  Utah Code Ann. § 76-5-405(1)(a) (2008).  In May 2009, before Defendant was sentenced, the statute was amended to replace "bodily injury" with "serious bodily injury."  *Id.* § 76-5-405(1)(b)(i) (Supp. 2011).  *See supra* note 2.

[5]This section has been further amended subsequent to the time of sentencing, but no material changes were made.  We therefore cite to the most current version of the statute as a convenience to the reader.